NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7113

RICHARD A. PROCEVIAT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Richard A. Proceviat, of Elma, Manitoba, Canada, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief was Michael J. Timinski, Deputy Assistant General Counsel, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7113

RICHARD A. PROCEVIAT,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3073, Judge Robert N. Davis.

_____

DECIDED: October 15, 2008

_____

Before LOURIE, RADER and BRYSON, Circuit Judges.

PER CURIAM.

The United States Court of Appeals for Veterans Claims (Veterans Court) upheld the Board of Veterans' Appeals' (Board) denial of Mr. Richard A. Proceviat's claim for an effective date earlier than June 7, 1996 for the award of a special monthly pension (SMP).  The Veterans Court also affirmed the Board's finding that there was no clear and unmistakable error (CUE) in a November 29, 1989, rating decision.  Because Mr. Proceviat only challenges the lower courts' factual determinations and application of law to the facts, this appeal falls outside this court's jurisdiction.  This court therefore dismisses Mr. Proceviat's appeal.

I

Mr. Proceviat served in active duty from June 1970 to February 1972. In March 1987, Mr. Proceviat wrote a letter to the Department of Veterans Affairs (VA) indicating that he wanted to apply for VA pension benefits. Upon receiving an application, Mr. Proceviat applied for nonservice-connected pension benefits in July 1987. In this application, Mr. Proceviat reported a history of rheumatoid arthritis (RA). Attached to this application was a July 1987 statement from a private physician indicating that he had treated Mr. Proceviat for RA and severe hand deformities.

In January 1989, the Department of Veterans Affairs (VA) Regional Office (RO) denied Mr. Proceviat's claim for pension benefits because the appellant was not precluded from gainful employment. After receiving a statement from the appellant indicating that he had to quit his job as a construction worker due to his RA, the VA examined Mr. Proceviat in July 1989. In a November 1989 rating decision, the RO granted Mr. Proceviat nonservice-connected pension benefits effective as of August 1989. The RO found that the veteran's RA was 60 percent disabling for the purposes of his nonservice-connected pension claim.

In May 1996, Mr. Proceviat applied for SMP based on the need for regular aid and attendance of another person. In his application, Mr. Proceviat noted that he had difficulties performing the usual activities of daily life. In an October 1996 rating decision, the RO granted Mr. Proceviat's SMP application and assigned an effective date of June 7, 1996.

In a March 1997 statement to the RO, Mr. Proceviat indicated that the VA should have construed his March 1987 claim for nonservice-connected pension benefits as a

claim for SMP based on the need for aid and attendance.

In November 1997, Mr. Proceviat filed a notice of disagreement seeking an earlier effective date. Mr. Proceviat also alleged that the RO committed a CUE in its November 1989 rating decision. In March 1998, the RO responded that equitable relief was not warranted because evidence did not indicate a need for regular aid and attendance prior to June 7, 1996.

In a November 2001 statement, Mr. Proceviat argued that the RO had not considered his entitlement to aid and attendance, and that the RO's rationale for his November 1989 disability rating was inadequately explained.

In August 2005, the Board denied both of Mr. Proceviat's claims. Regarding appellant's claim for a March 1987 effective date, the Board rejected Mr. Proceviat's assertion that his 1987 claim for pension benefits should have been treated as an informal claim for SMP. The Board also rejected Mr. Proceviat's allegation of CUE, noting that the November 1989 decision evaluated and weighed evidence and, thus, did not provide a sufficient basis for a finding of CUE.

In October 2007, the Veterans Court affirmed the Board's decision. In April 2008, the Veterans Court entered judgment. This appeal followed.

II

This court has limited jurisdiction to review the decisions of the Veterans Court. See 38 U.S.C. §7292 (2008). As proscribed by 38 U.S.C. § 7292(d)(2), except for constitutional issues, this court "may not review any 'challenge to a factual determination' or any 'challenge to a law or regulation as applied to the facts of a

particular case.'" Buchanan v. Nicholson, 451 F.3d 1331, 1334 (Fed. Cir. 2006) (citing 38 U.S.C. § 7292(d)(2)).

## A. Entitlement to an Earlier Effective Date

On appeal, Mr. Proceviat argues that he is entitled to an earlier effective date based on the submission of a July 1987 medical report attached to his original pension application. According to Mr. Proceviat, the attached medical report "constitute[d] an informal claim for SMP A&A [aid and attendance]." See Attachment to Claimant-Appellant's Brief at 3.

38 C.F.R. § 3.155 governs informal claims and provides that "[a]ny communication or action, indicating an intent to apply for one or more benefits . . . from a claimant . . . may be considered an informal claim." 38 C.F.R. § 3.155(a) (2008). Furthermore, the "informal claim must identify the benefit sought. " Id.

Determining whether an informal claim for aid and attendance has been filed requires an application of the law, that is, applying the definition of an informal claim under § 3.155(a) to the facts of a particular case. Contrary to Mr. Proceviat's allegation that the VA failed to acknowledge, consider, or even discuss the July 1987 medical report, the Board found that "a July 1987 statement from the veteran's private physician … [provided] no indication that the veteran was unable to dress, keep himself clean and presentable, feed himself, or attend to the wants of nature due to his RA." In the Appeal of Richard A. Proceviat, Bd. Vet. App. Docket No. 95-18 908 at 20 (Order, Aug. 24, 2005). Based on Mr. Proceviat's "earlier [1987] pension application, as well as other evidence," the Veterans Court stated that it was "unable to conclude that the appellant intended to make such a claim [for aid and attendance] prior to the current effective

2008-7113                                    4

date." <u>Proceviat v. Mansfield</u>, Ct. Vet. App. Docket No. 05-3073 at 3 (Memorandum Decision, Oct. 22, 2007). Because this court "may not review any challenge to a . . . regulation as applied to the facts of a particular case", this court lacks jurisdiction to decide whether the attached medical report constitutes an informal claim. <u>Buchanan</u>, 451 F.3d at 1334.

Mr. Proceviat further argues that the VA should have construed his July 1987 medical report as an informal claim under 38 C.F.R. § 3.157(b)(2). § 3.157(b) provides that

> (b) … Once a formal claim for pension or compensation has been allowed . . . receipt of one of the following will be accepted as an informal claim for increased benefits
> . . .
> (2) Evidence from a private physician or layman. The date of receipt of such evidence will be accepted *when the evidence furnished . . . shows the reasonable probability of entitlement to benefits.*

§ 3.157(b) (2008) (emphasis added). Although Mr. Proceviat failed to make this argument in lower proceedings, the Board's and Veterans Court's analysis of the 1987 private medical report suggests that even if the medical report was treated as an informal claim, there was no "reasonable probability of entitlement to benefits." As mentioned above, both the Board and Veterans Court found no indication that Mr. Proceviat intended to apply for enhanced benefits from the 1987 medical report. Thus, Mr. Proceviat's alternative reliance on § 3.157(b)(2) is unavailing.

For these reasons, this appeal is dismissed for lack of jurisdiction.

### B. Allegation of a Clear and Unmistakable Error

Mr. Proceviat contends that the Board erred in finding no CUE in the November

1989 rating decision.[1] A clear and unmistakable error is "a very specific and rare kind of error . . . that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error." 38 C.F.R. § 20.1403(a) (2008). § 20.1403(d) identifies examples of situations that are not clear and unmistakable error. See § 20.1403(d). Among these examples, § 20.1403(d)(3) states that "disagreement[s] as to how the facts were weighed or evaluated" cannot raise a CUE. Id.

On appeal, Mr. Proceviat argues that the RO erred in assigning a 60 percent disability rating. Both the Board and Veterans Court explained that determinations concerning the application of the diagnostic code do not support a finding of CUE because such decisions involve the weighing and evaluation of the evidence under § 20.1403(d)(3). The Board found and the Veterans Court agreed that although Mr. Proceviat "had marked deformity of his hands and feet due to RA … [t]here … [was] no indication … that the veteran required assistance with his activities of daily living." In the Appeal of Richard A. Proceviat, Bd. Vet. App. Docket No. 95-18 908 at 23. Because Mr. Proceviat has not raised a CUE, this court dismisses Mr. Proceviat's appeal.

DISMISSED

COSTS

Each party shall bear its own costs.

---

[1] Mr. Proceviat asserts without explanation or analysis that his CUE claim is also governed by "the cases of Moody, Roberson, Hodge, Andrews, Szemraj, and Richardson and VA General Counsel Opinion 4-2004." Attachment to Claimant-Appellant's Brief at 1, 4. The cited cases and the VA General Counsel Opinion are inapposite and do not apply. This court cannot consider the Andrews decision as no identifying citation is provided.