NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. PROCEVIAT,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7010

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1066, Judge Robert N. Davis.

---

Decided: May 8, 2013

---

RICHARD A. PROCEVIAT, of Elma, Manitoba, Canada, pro se.

AUSTIN FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Deputy Director.

Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before NEWMAN, LOURIE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Richard A. Proceviat appeals *pro se* from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") that he lacked service connection for rheumatoid arthritis tinnitus due to herbicide exposure. *Proceviat v. Shinseki*, No. 11-1066, 2012 WL 1197092 (App. Vet. Apr. 11, 2012). Because the Veterans Court did not err in barring Proceviat's CUE claim as barred by *res judicata*, we *affirm*.

## BACKGROUND

Proceviat served on active duty in the United States Army from June 1970 to February 1972. In March 1987, Proceviat wrote a letter to the Department of Veterans Affairs ("VA") indicating that he wanted to apply for pension benefits. In July 1987, upon receiving an application, Proceviat applied for non-service connected ("NSC") pension benefits. In that application, Proceviat reported a history of rheumatoid arthritis. In a November 1989 rating decision, the RO granted Proceviat NSC pension benefits effective as of August 1989, awarding a 60-percent disability rating. In May 1996, Proceviat applied for special monthly pension ("SMP") based on the need for regular aid and an attendant. In October 1996, the RO granted Proceviat's SMP application and assigned an effective date of June 7, 1996.

In 1997, Proceviat filed a notice of disagreement seeking an earlier effective date for his SMP based on his

March 1987 letter on equitable relief grounds. Proceviat also alleged that the RO committed a clear and unmistakable error ("CUE") in its November 1989 rating decision. The RO responded that equitable relief was not warranted for his SMP claim because evidence did not indicate a need for regular aid and an attendant prior to June 7, 1996. It later granted an earlier effective filing date of March 1987 for the NSC disability pension.

In November 2001, Proceviat filed another CUE claim arguing that the RO had failed to consider his entitlement to aid and an attendant, and that the RO's rationale for his November 1989 disability rating was inadequately explained. The RO and the Board denied both claims. Regarding his claim for a March 1987 effective date for SMP, the Board rejected Proceviat's assertion that his 1987 letter should have been treated as an informal claim for SMP. The Board also rejected Proceviat's allegation of CUE, noting that the November 1989 decision evaluated and weighed evidence and thus did not provide a sufficient basis for a finding of CUE. The Veterans Court affirmed the Board's decision. On appeal, we held that Proceviat failed to raise a CUE claim because he was only challenging the application of the diagnostic code and that Proceviat's claim as to whether an informal claim for aid and an attendant was filed was an application of law to fact. *Proceviat v. Peake*, 296 F. App'x 941, 943–44 (Fed. Cir. 2008) (unpublished). We thus dismissed for lack of jurisdiction. *Id.*

In December 2008, Proceviat filed another motion for revision of the November 1989 decision, alleging CUE based on various regulations pertaining to the weighing of evidence, the application of the diagnostic code to that evidence, and the inadequacy of a 2010 medical examination. The Board held that Proceviat's claim for CUE was barred by *res judicata* and determined that the evidence did not demonstrate that Proceviat's rheumatoid arthritis was related to his military service or related to his pre-

sumed exposure to herbicide while in service. Proceviat appealed to the Veterans Court.

The Veterans Court affirmed, determining that: (1) the evidence Proceviat relied on, a medical treatise, which was considered by the VA examiner, was too speculative to establish a nexus between his rheumatoid arthritis and his service; (2) the 2010 medical examination was not inadequate; (3) that the VA did not fail to assist him in developing his claim because it was not authorized to provide him with the information about other claims of veterans that he requested; and (4) that *res judicata* barred his CUE claim because it was substantially similar to his prior CUE assertion in 2008 that was held to not constitute CUE because it was based only on the weight of the evidence and choice of a diagnostic code. This appeal followed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may not, however, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). We therefore generally lack jurisdiction to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Proceviat argues that his Fifth Amendment due process rights were violated with respect to his CUE claim because of the VA's alleged failure to adjudicate his inferred SMP claim from 1986, citing a number of regulations concerning the weighing of evidence and the applica-

tion of diagnostic codes. In addition, Proceviat alleges a further due process violation because the Board ignored treatise evidence supposedly relevant to his claim for service-connected rheumatoid arthritis, and, instead, relied on an allegedly flawed 2010 medical opinion.

The government responds that Proceviat has not effectively alleged a due process violation in substance. Instead, the government argues that Proceviat's substantive challenges are to the application of *res judicata* to his CUE claim and the weighing of medical evidence. The government contends that the Veterans Court did not err in applying *res judicata* and that we lack jurisdiction to review the Veterans Court decision regarding medical evidence.

At the outset, we agree with the government that Proceviat has only alleged due process violations in name, not in substance. Proceviat's various due process challenges focus on the Board's and Veterans Court's factual conclusions and thus fail to raise a claim under the Due Process Clause. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("Characterization of [a] question as constitutional in nature does not confer upon [this Court] jurisdiction that it otherwise lack.").

As to the merits, we also agree with the government that the Veterans Court properly barred Proceviat's CUE claim under the doctrine of *res judicata*. A prior decision on a CUE claim can be barred by *res judicata* and is not subject to revision if they are either: "(1) decisions on issues which have been appealed to and decided by a court of competent jurisdiction;" or "(2) decisions on issues which have subsequently been decided by a court of competent jurisdiction." 38 C.F.R. § 20.1400(b); *see Winsett v. Principi*, 341 F.3d 1329, 1331–32 (Fed. Cir. 2003); *Disabled Am. Veterans v. Gober*, 234 F.3d 682, 693 (Fed. Cir. 2000). In this case, Proceviat's 2001 CUE claim and his current CUE claim both relate to the denial of an

earlier effective date for SMP in relation to the 1989 rating decision and both challenge the RO's assessment of the same evidence citing the same regulatory provisions relating to the weight of evidence and applications of diagnostic codes. That finding was affirmed by the Veterans Court and was held not to be CUE during the last appeal, which was dismissed for lack of jurisdiction. *Proceviat*, 296 F. App'x at 943–44. That same claim raised here still does not show CUE and revisiting that determination is barred by *res judicata*.

Finally, we agree with the government that we lack jurisdiction over whether the Board gave adequate weight to the medical evidence in the record. Proceviat essentially argues that the Board should have credited a treatise over a 2010 medical examination. Proceviat's arguments merely challenge the weight accorded the evidence. However, we lack jurisdiction to review the weight given to evidence by the Board and Veterans Court. *E.g., Maxson v. Gober*, 230 F.3d 1330, 1332 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction."). Proceviat's fact-based challenges on appeal do not fall within the scope of 38 U.S.C. § 7292. We therefore decline to address them.

We have considered Proceviat's remaining arguments and conclude that they are without merit. Because the Board did not err in determining that *res judicata* barred Proceviat's CUE claim, we *affirm*.

**AFFIRMED**

Costs

No costs.