**In re Shelia WINSETT, Petitioner.**

**No. MISC 754.**

United States Court of Appeals, Federal Circuit.

Feb. 2, 2004.

Rehearing and Rehearing En Banc Denied March 24, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

### *ORDER*

LINN, Circuit Judge.

Shelia Winsett moves for leave to proceed in forma pauperis and petitions for a writ of mandamus to direct the United States Court of Appeals for Veterans Claims to grant eight motions and to rescind its directive that Winsett "send no further pleadings to the Court regarding her former petition that was previously and finally decided by this Court, the Federal Circuit, and the U.S. Supreme Court. Any such pleadings will not be accepted for filing at the Court." *

In 2001, Winsett filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims alleging, in part, that the regional office had failed to timely adjudicate her claims. The Court of Appeals for Veterans Claims denied the petition and instructed the clerk to reject any further petitions for extraordinary relief "unless she pays the filing fee." The Court of Appeals for Veterans Claims denied several subsequent related motions and directed the clerk to return all future

---

* Winsett's "Motion to Amend Petition" is granted.

pleadings filed by Winsett "in this matter." Winsett appealed to this court. We affirmed, *Winsett v. Principi*, 02–7267 (May 15, 2003), and the United States Supreme Court denied Winsett's subsequent petition for a writ of certiorari.

Between August and November 2003, Winsett submitted eight motions to the Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims "construe[d] these eight motions as a request by [Winsett] to reinstate her previously-denied petition" for a writ of mandamus. The Court of Appeals for Veterans Claims denied the motions, ruling: "Such motions are not contemplated by the Court's Rules and represent an attempt by the petitioner to circumvent the Court's pronouncements against the acceptance by this Court of any future petitions without payment of the filing fee, or pleadings in this matter."

The traditional use of the writ of mandamus in aid of appellate jurisdiction, *see* 28 U.S.C. § 1651(a), "has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Id.* at 36, 101 S.Ct. 188.

The Court of Appeals for Veterans Claims acted well within its discretion in denying Winsett's repetitive motions and conditionally barring further filings. Thus, Winsett has failed to demonstrate that her right to a writ is clear and indisputable. *Allied*, 449 U.S. at 35, 101 S.Ct. 188.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for leave to proceed in forma pauperis is granted.

(2) The petition for a writ of mandamus is denied.