# United States Court of Appeals for the Federal Circuit

2008-7082

JAMES D. SIMS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Jeanne E. Davidson, Director, Todd M. Hughes, Assistant Director, and Hillary A. Stern, Senior Trial Counsel. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

# United States Court of Appeals for the Federal Circuit

2008-7082

JAMES D. SIMS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 06-0335, Judge Mary J. Schoelen.

_____

DECIDED:    August 13, 2009

_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

DYK, Circuit Judge.

James D. Sims ("Sims") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial of service connection for an acquired psychiatric disorder. This case presents the question of what procedures the Department of Veterans Affairs ("VA") must follow when the Board of Veterans' Appeals ("Board") directs the VA regional office ("RO") to reopen a case for new and material evidence. The Veterans Court held that the RO could issue a supplemental statement of the case ("SSOC") if service connection is denied. We affirm.

BACKGROUND

Sims served on active duty in the United States Army from November 1974 to July 1977. In April 1989, he filed a claim for service connection for a psychiatric disorder, which was denied by the RO in a July 1989 rating decision. Sims did not file a Notice of Disagreement ("NOD") and that decision became final.

In June 1991, Sims requested that the VA reopen his claim on grounds of new and material evidence. In December 1991, the RO denied the request to reopen on the ground that no new and material evidence had been submitted. After various interim proceedings before the RO, Sims filed an NOD, and this triggered an October 1993 Statement of the Case ("SOC"), in which the RO reiterated its conclusion that no new and material evidence had been submitted. Sims appealed to the Board in February 1994. Thereafter, Sims on several occasions submitted additional evidence in support of his motion to reopen his claim based on new and material evidence, and the Board and the Veterans Court remanded to the RO.

Eventually, in a November 2002 decision the Board found that new and material evidence—including additional service medical records and service personnel records, non-VA and VA medical records, testimony from the veteran, and statements from his sister and his ex-wife—had been submitted, sufficient to reopen Sims's claim for service connection for an acquired psychiatric disorder. The Board initially stated that it would obtain Sims's service medical records to review them for evidence of paranoia while Sims was in service. However, in October 2003, the Board instead remanded Sims's case to the RO to decide the issue of service connection because of our decision in Disabled American Veterans v. Secretary of Veterans Affairs, where we held that the

Board as a general matter may not review evidence in the first instance. <u>See</u> 327 F.3d 1339, 1346–48 (Fed. Cir. 2003). The Board directed the RO to develop the record by finding any in-service records of treatment for alcohol abuse and psychiatric treatment. The Board directed the RO, "[a]fter the development requested above has been completed to the extent possible, the RO should again review the record. If any benefit sought on appeal remains denied, <u>the appellant and representative should be furnished a supplemental statement of the case</u> and given the opportunity to respond thereto." <u>In re Sims</u>, No. 94-32376, slip op. at 3 (Bd. Vet. App. Oct. 28, 2003) (emphasis added).

In July 2004, the RO denied the claim for service connection and issued an SSOC. In the SSOC, the RO stated that it had requested the evidence from the Womack Army Medical Center in Fort Bragg, North Carolina, as directed by the remand order, and had received a reply from the medical center that "no records were located." J.A. 37. The RO then stated that "there is no evidence showing [Sims] developed a chronic psychiatric disability while [Sims was] on active duty. Additionally, there is no competent evidence showing [Sims] developed a psychosis to a compensable degree within the one year period after [his] discharge from service in July 1977." J.A. 46. Sims filed a request for an immediate transfer of the case to the Board.

Before the Board, Sims argued that the RO's issuance of an SSOC in July 2004 was improper, because under 38 C.F.R. § 19.31(a) the request to reopen and the claim of service connection were separate "issues." Sims also argued that the SSOC failed to comply with the notice requirements of 38 U.S.C. § 5104(a) and 38 C.F.R. § 3.103(b)(1). Additionally, Sims argued that, because the issuance of the SSOC was improper, the Board did not have subject matter jurisdiction over the appeal, and any

action on the merits by the Board was improper until Sims received a proper rating decision and an SOC.

In October 2005, the Board affirmed the denial of Sims's claim, finding that "the preponderance of the evidence is against service connection for an acquired psychiatric disorder." In re Sims, No. 94-32376, slip op. at 9 (Bd. Vet. App. Oct. 28, 2005). The Board rejected Sims's jurisdictional arguments because they were based on an "unstated assumption that a determination as to whether there is new and material evidence to reopen a claim and a determination as to whether service connection should be granted on the merits when a previously denied claim is reopened are completely separate matters for jurisdictional purposes." Id. at 10. The Board held that the RO's use of an SSOC was proper based on Bernard v. Brown, 4 Vet. App. 384 (1993), abrogated in part on other grounds by Disabled Am. Veterans, 327 F.3d at 1346–48, and that Sims's arguments were without merit. In re Sims, No. 94-32376, slip op. at 11 (Bd. Vet. App. Oct. 28, 2005). Sims appealed to the Veterans Court.

In December 2007, the Veterans Court affirmed the Board's decision. Sims v. Peake, No. 06-0335, slip op. at 1, 2007 WL 4591256 (Vet. App. Dec. 19, 2007). Sims timely appealed to our court. We have jurisdiction to review the Veterans Court's decision under 38 U.S.C. § 7292.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. However, our jurisdiction does not extend to resolving factual issues, but does extend to determining whether the Veterans Court has made a legal error. Szemraj v. Principi, 357 F.3d 1370, 1372 (Fed. Cir. 2004).

A claim for VA benefits is initially decided by an agency of original jurisdiction ("AOJ"), in this case in a rating decision by an RO. See 38 U.S.C. § 7105(b)(1), (d)(1); 38 C.F.R. § 20.3(a). If service connection is denied by the RO, the claimant has one year in which to appeal the RO's decision. 38 U.S.C. § 7105(b)(1), (c). During that one year period and before initiating an appeal, the claimant can submit additional supporting evidence. See 38 C.F.R § 20.302(b)(2).[1] Before the end of that one year period, a claimant can initiate appellate review of the rating decision by filing an NOD with the RO. 38 U.S.C. § 7105(a); 38 C.F.R. §§ 20.200, 20.300. The NOD is a written communication from the veteran expressing dissatisfaction or disagreement with an adjudicative decision of the VA. 38 C.F.R. § 20.201. After a veteran files an NOD, if the RO does not grant the benefit, the RO must prepare an SOC, "which includes a summary of pertinent evidence in the case, citations to pertinent laws and regulations, a discussion of how those laws and regulations affect the decision, and a summary of the reasons for the decision." Disabled Am. Veterans, 327 F.3d at 1342; see also 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 19.29.

"To complete the appeal to the Board, the claimant is required to file a Substantive Appeal with the AOJ within sixty days from the date the SOC is mailed." Disabled Am. Veterans, 327 F.3d at 1342; see also 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.202. If the Board remands for further evidentiary development, the RO issues an SSOC, and the case is automatically returned to the Board for review. 19 C.F.R.

---

[1] The claimant can also submit additional evidence after initiating an appeal. 38 C.F.R § 20.800. The consideration of such additional evidence is governed by 38 C.F.R. §§ 3.156(b), 20.1304(c). See Jackson v. Nicholson, 449 F.3d 1204, 1206–07 (Fed. Cir. 2006). RO rulings with respect to additional evidence submitted after the issuance of an SOC take the form of an SSOC. 38 C.F.R. § 19.31(b).

§ 19.31(c); 38 C.F.R. § 20.302(c) ("Provided a Substantive Appeal has been timely filed in accordance with paragraph (b) of this section, the response to a Supplemental Statement of the Case is optional and is not required for the perfection of an appeal.").

Here, Sims did not file an NOD with respect to the 1989 rating decision, and that decision became final. In 1991, Sims moved to reopen this claim. Under 38 U.S.C. § 5108, "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." The RO in the first instance determines whether new and material evidence has been submitted. See id. Then, if the RO (or the Board on appeal) determines that the veteran has produced new and material evidence, the case is reopened and the RO "must evaluate the merits of the veteran's claim in light of all the evidence, both new and old." See Manio v. Derwinski, 1 Vet. App. 140, 145 (1991); see also 38 U.S.C. § 7104(a).

While a request to reopen is not a new claim for benefits, it is treated as a new matter distinct from the original claim for VA benefits. The RO therefore issues a new rating decision. The veteran may file an NOD, and the RO then issues an SOC. If additional evidence is submitted to support the motion to reopen, the RO addresses such evidence in an SSOC. Here, the RO determined that Sims had not submitted new and material evidence. Sims filed an NOD, the RO then provided an SOC, and Sims filed a substantive appeal to the Board. The Board determined that there was new and material evidence submitted by the veteran and remanded the case for consideration of the merits of the claim. The RO reopened the claim, but rejected the service connection claim in an SSOC.

Sims asserts that, when the Board ordered reopening, the RO was obligated to begin anew with the claim adjudication (i.e., issue a new rating decision followed by an SOC) and was not authorized to simply issue an SSOC. Sims's primary theory is that as a result of the use of the SSOC procedure he was denied the opportunity to submit additional evidence during a one-year period after the RO decision—an opportunity that exists under the SOC procedure.[2]

We disagree that the RO followed an improper procedure. The sole basis for Sims's argument are the provisions of 38 U.S.C. § 7104 and 38 C.F.R. § 19.31(a). Section 7104(a) provides, "[a]ll questions in <u>a matter</u> which under section 511(a) of this title is subject to decision by the Secretary <u>shall be subject to one review on appeal</u> to the Secretary." (Emphases added). And, 38 C.F.R. § 19.31(a) provides, "[i]n no case will a Supplemental Statement of the Case be used to announce decisions by the agency of original jurisdiction <u>on issues not previously addressed in the Statement of the Case</u>." (emphasis added).

The initial filing of a request to reopen is treated as a separate "matter" or "issue" from the initial decision on the claim for benefits, but this does not suggest that the decision on the merits of the underlying claim in a reopened proceeding is yet another new "matter" or "issue." Nothing in the statute or regulations suggests that an entirely new rating decision is required to address the issue of service connection or that service connection is a new "matter" or new "issue" before the RO. Indeed, the regulations

_____

[2] The regulations provide a one-year period for appeal and allow the submission of additional evidence during that period. <u>See</u> 38 U.S.C. § 7105(b)(1); 38 C.F.R. § 20.302(b)(2). When the RO decision on remand is issued as an SSOC, it is automatically transferred to the Board thirty days after the issuance of the SSOC. 38 C.F.R. § 20.302(c). In other words, the one-year period is truncated.

clearly contemplate the use of the SSOC procedure on remands from the Board. See 38 C.F.R. § 19.31(c) ("The agency of original jurisdiction will issue a Supplement Statement of the Case if, pursuant to a remand by the Board, it develops the evidence or cures a procedural defect, unless" the only purpose was to assemble records previously considered by the AOJ or the Board specified that an SSOC is not required. (emphasis added)); id. § 19.38 ("When a case is remanded by the Board of Veterans' Appeals . . . the case will be reviewed . . . . If any benefits sought on appeal remain denied following this review, the agency of original jurisdiction will issue a Supplemental Statement of the Case . . . ." (emphasis added)).

We agree with the reasoning in Bernard, where the Veterans Court addressed this same question, stating:

> Review of the governing statutory provisions in 38 U.S.C.A. §§ 7104(a) and 511(a) in the context of the overall statutory scheme in title 38, U.S. Code, governing veterans' benefits claims compels the conclusion that the question whether a claimant has submitted new and material evidence to reopen a claim and the question whether, upon such reopening, a claimant is entitled to VA benefits, are questions relating to a single "matter" for purposes of the Board's jurisdiction under 38 U.S.C.A. § 7104(a). . . .
> It is axiomatic that claimants do not submit claims merely for the reopening of their previously and finally denied claims. Rather, they submit claims for VA benefits, which, in cases of previously and finally denied claims, implicate both the question of whether there is new and material evidence to reopen the claim and the question of whether, upon such reopening, the claimant is entitled to the requested benefits. . . . Although the two questions are distinct, they are components of a single claim for benefits under a law that affects the provision of benefits by the Secretary. . . . The "matter" which was the subject of the RO's decision and, consequently, over which the [Board] has jurisdiction under 38 U.S.C.A. § 7104(a), is the veteran's claim of entitlement to VA benefits . . . .

4 Vet. App. at 391-92 (quotation marks omitted).  In this context, the RO does not address a new "issue" or "matter" when it considers the merits of the claim for service connection after a reopening for new and material evidence.

The RO appropriately issued an SSOC on remand in denying Sims's claim for service connection, and the Board did not exceed its jurisdiction by affirming that ruling. There is also no merit to Sims's claim that the notice he received was inadequate under 38 U.S.C. § 5104(a) or 38 C.F.R. § 3.103(b)(1).  Therefore, we affirm.

<u>AFFIRMED</u>

COSTS

No costs.