Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SHELIA WINSETT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

_____

2012-7180

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-784, Judge Alan G. Lance Sr.

- - - - - - - - - - - - - - - - - - - - -

**SHELIA WINSETT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

_____

2013-7043

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1572, Judge Robert N. Davis.

————————————

Decided:  July 16, 2013

————————————

SHELIA WINSETT, of Parrish, Alabama, pro se, in appeals Nos. 2012-7180 and 2013-7043.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee, in appeal no. 2012-7180.  With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.  Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee, in appeal no. 2013-7043.  With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.  Of counsel was JOSHUA P. MAYER, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before LOURIE, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

These two consolidated appeals stem from the long-running efforts of Shelia Winsett to receive benefits as the surviving spouse of Gary W. Jacks, a veteran.[1]  The

———————

[1]    Ms. Winsett has filed eight other appeals in this court relating to her surviving spouse claim.  *Winsett v.*

couple married in 1969 and lived together until 1977, when they divorced. Mr. Jacks subsequently died in 1989. Ms. Winsett claims that, after their divorce, she and Mr. Jacks reconciled and lived together in a common law marriage. The appeals currently before us, however, stray far from her underlying benefits claim.

At issue are two mandamus petitions filed by Ms. Winsett, both of which were denied by the Court of Appeals for Veterans Claims ("CAVC") and are now consolidated on appeal. Ms. Winsett filed the appeals after lodging three successive surviving spouse claims before a regional office ("RO") of the Department of Veterans Affairs ("DVA"), each one initiated before the appeal of the prior claim had run its course.

## I

### A

The RO denied Ms. Winsett's first relevant claim in 2004, finding that she did not qualify as Mr. Jacks's surviving spouse. The Board of Veterans' Appeals affirmed that decision in 2005, and the CAVC affirmed the

---

*Shinseki*, 397 F. App'x 627 (Fed. Cir. 2010); *Winsett v. Peake*, 302 F. App'x 915 (Fed. Cir. 2008); *Winsett v. Peake*, 283 F. App'x 796 (Fed. Cir. 2008); *Winsett v. Nicholson*, 174 F. App'x 567 (Fed. Cir. 2006); *In re Winsett*, 90 F. App'x 398 (Fed. Cir. 2004); *Winsett v. Principi*, 341 F.3d 1329 (Fed. Cir. 2003); *Winsett v. Principi*, 65 F. App'x 301 (Fed. Cir. 2003); and *Winsett v. West*, 217 F.3d 854 (Fed. Cir. 1999).

Board in 2007. This Court affirmed the CAVC in July of 2008. *Winsett v. Peake*, 283 F. App'x 796 (Fed. Cir. 2008).

By that time, Ms. Winsett had already filed a second surviving spouse claim with the RO, which she filed the day after the Board affirmed the RO's original decision. The RO denied that new claim in 2005. Ms. Winsett then appealed that denial to the Board. On December 21, 2007, the Board determined that she had presented new and material evidence, and it reopened her case, even though her original claim was still pending on appeal. Upon considering the new and material evidence, the Board affirmed the RO's denial of her claim. The Board also denied Ms. Winsett's motion arguing that its 2005 decision constituted clear and unmistakable error ("CUE"), because that decision had, by that point, already been upheld by the CAVC and was therefore not subject to revision by the Board.

Ms. Winsett appealed the Board's 2007 decision to the CAVC, arguing that the Board lacked jurisdiction over her second claim because her first claim was still pending on appeal. The court rejected that argument, noting that the Board has jurisdiction to reopen a case upon submission of new and material evidence. *See* 38 U.S.C. § 5108; 38 C.F.R. § 3.156. The court also rejected Ms. Winsett's CUE claim as to the Board's 2005 decision, because that claim had been finally adjudicated by the CAVC and this court, and therefore was law of the case. *Winsett v. Shinseki*, No. 08-0210, 2010 WL 276193 (Vet. App. Jan. 26, 2010). This court affirmed the CAVC, holding that "there was no error in allowing [Ms. Winsett's] claim to be reopened while the case was on appeal." *Winsett v. Shinseki*, 397 F. App'x 627, 629 (Fed. Cir. 2010). We further held that we lacked jurisdiction to review the Board's determination that she and Mr. Jacks did not have a common law marriage at the time of Mr. Jacks's death. *Id.*

More than a year before this court's decision on her second surviving spouse claim, Ms. Winsett filed a third

such claim with the RO on March 27, 2009. The RO denied that claim on April 16, 2009. Ms. Winsett then corresponded with the RO by mail, arguing that the RO had issued its denial too quickly to have reviewed her case properly and that the RO lacked jurisdiction to issue a decision while the denial of her second claim was still on appeal.

On December 6, 2011, the RO agreed with Ms. Winsett that it had lacked jurisdiction to issue its denials of both her January 25, 2005, and March 27, 2009, claims (her second and third claims, respectively) while she had an earlier claim pending on appeal.[2] The RO stated that the denial of the January 2005 claim "was already before the Board of Veterans' Appeals before anyone [at the RO] was aware of the situation." The Board's decision, as affirmed by the CAVC and this court, remained legally operable. But as to the denial of the March 2009 claim, the RO did not issue a Statement of the Case and did not respond to Ms. Winsett's Notice of Disagreement, thereby effectively closing her third claim. The RO interpreted Ms. Winsett's communication as a request to reopen the case, and it advised her how she could submit evidence supporting that request.

B

---

[2] The CAVC noted that it is "unclear" whether the RO confessed error regarding Ms. Winsett's second claim, decided by the Board in 2007, or regarding some other action it may have taken as to Ms. Winsett's third claim. *Winsett v. Shinseki*, No. 12-784, 2012 WL 1155918, at *1 (Vet. App. Apr. 6, 2012). Because the CAVC did not decide that issue and the resolution of that question is not necessary to decide this case, we will assume the RO confessed error regarding the claim that prompted the Board's 2007 decision. The government does not appear to dispute that characterization.

On February 17, 2012, Ms. Winsett filed a petition for a writ of mandamus in the CAVC. Relying on the RO's admission that it lacked jurisdiction to decide her second claim while the first was still on appeal, she asked the court to declare that the Board had lacked jurisdiction in December of 2007 to affirm the RO's ruling. She asserted that if the Board had waited for this court to rule, it would have been bound by different facts—namely, the facts described in a portion of this court's 2008 opinion affirming the CAVC. *See Winsett*, 283 F. App'x at 798. Ms. Winsett also requested that the CAVC order the Board to consider her CUE claim.

The CAVC dismissed the petition on April 6, 2012, explaining that this court had already affirmed the Board's decision and had explicitly noted its authority to reopen a case based on new and material evidence. That determination was therefore binding on Ms. Winsett. Moreover, the court held that the Board's denial of Ms. Winsett's CUE claim was proper because that decision had already been affirmed by the CAVC, and the Board therefore could not revise its CUE ruling. Ms. Winsett then took this appeal from the CAVC's dismissal of her mandamus petition. In the meantime, Ms. Winsett submitted a fourth surviving spouse claim to the RO on April 24, 2012.

On May 9, 2012, a little more than a month after her first mandamus petition was dismissed, Ms. Winsett filed a second petition for mandamus in the CAVC. In that petition she argued that the RO had violated her rights under the first and fifth amendments to the Constitution by holding that it lacked jurisdiction to process her appeal from the RO's April 16, 2009, denial of her third surviving spouse claim. The CAVC denied that petition on August 20, 2012. The court held that Ms. Winsett had provided no plausible basis to conclude that the RO's decision regarding its jurisdiction, "even if legally in error," violated her constitutional rights. *Winsett v. Shinseki*, No. 12-1572, 2012 WL 3554585, at *2 (Vet. App.

Aug. 20, 2012). The court further ruled that Ms. Winsett had an alternative avenue to challenge the RO's decision—namely, the April 24, 2012, claim to the RO. Ms. Winsett now appeals from the CAVC's dismissal of that mandamus petition as well.

Ms. Winsett has initiated additional proceedings that bear upon the issues in this case. While her first mandamus petition was pending before the CAVC, Ms. Winsett filed a motion before the Board asserting that the December 21, 2007, Board decision constituted CUE. On August 22, 2012, the Board denied that motion, noting that the CAVC had already determined there was no CUE in the Board's 2007 decision, and that the Board lacked authority to revise that ruling. Ms. Winsett has appealed that decision to the CAVC.

Finally, on August 10, 2012—after the CAVC had dismissed the first mandamus petition but ten days before it ruled on her second mandamus petition—Ms. Winsett filed a third mandamus petition in the CAVC, alleging numerous errors by the court, the RO, and the Board, including an allegation that DVA employees had falsified or destroyed records relating to her various appeals. The CAVC rejected the petition on November 1, 2012, stating that Ms. Winsett had exhausted her appellate rights with respect to the December 21, 2007, Board decisions. *Winsett v. Shinseki*, No. 12-2664, 2012 WL 5360974, at *5 (Vet. App. Nov. 1, 2012). In addition, the court sanctioned Ms. Winsett for abuse of process; the court stated, "in light of the voluminous, repetitive, and frivolous filings received from Ms. Winsett, both in this case and in the past," that with certain exceptions she would not be permitted to file any further pleadings before the CAVC without moving for permission and paying a filing fee. *Id.* at *5-7.

## II

On appeal to this court, Ms. Winsett argues that it was improper for the RO to disclaim jurisdiction over her

third surviving spouse claim on the ground that the appeal of her second case was still pending. She points out that the Board had earlier affirmed the RO's denial of her second claim while the first was still pending.

The answer to her argument is that the DVA has jurisdiction to re-open a case if it is presented with new and material evidence. "If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." 38 U.S.C. § 5108; 38 C.F.R. § 3.156. The reopened claim is a separate proceeding that is not tied to the fate of an earlier claim still on appeal. *Sims v. Shinseki*, 578 F.3d 1332, 1335 (Fed. Cir. 2009) ("While a request to reopen is not a new claim for benefits, it is treated as a new matter distinct from the original claim for VA benefits.").

The Board in 2007 made a finding of new and material evidence with regard to Ms. Winsett's second claim, originally brought before the RO in January of 2005.[3] That decision, affirmed by the CAVC and this court, subsumed and rendered harmless the RO's initial error in entertaining the second claim.[4] By contrast, there has been no finding of new and material evidence as to the third claim, brought in March of 2009. Without such a

---

[3]    Ms. Winsett argues that the Board improperly converted her CUE claim regarding its 2005 decision into a submission of new and material evidence, but this court's earlier ruling foreclosed any argument that the Board's 2005 decision contained CUE. *Winsett*, 283 F. App'x 796 (Fed. Cir. 2008).

[4]    Because the Board did not err in reopening the case, Ms. Winsett's argument that she would have caught the error with the aid of counsel is beside the point. The RO's error no longer had any effect after the Board's decision was affirmed by the CAVC and this court.

finding, the RO rightly determined that it could not disturb the Board's December 2007 decision, and it closed the case. *See* 38 U.S.C. § 7104.

For that reason, Ms. Winsett's first mandamus petition is meritless. The Board had jurisdiction to reopen her January 2005 claim in light of new and material evidence. In addition, the Board correctly denied her motion to revive her CUE claim that this court had already decided on appeal. *Winsett v. Shinseki*, 397 F. App'x 627 (Fed. Cir. 2010). Our ruling became the law of the case and was not subject to further review by the Board. *See Suel v. Sec'y of Health and Human Servs.*, 192 F.3d 981, 985 (Fed. Cir. 1999). As a result, Ms. Winsett does not have the clear right to relief from the Board's December 2007 decision that is required to invoke the extraordinary remedy of mandamus. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 381 (2004). Ms. Winsett has exhausted her appeals regarding the Board's December 2007 decision, and our ruling affirming the Board's decision and the CAVC's judgment is final.

Ms. Winsett argues that a precedential opinion of the DVA's General Counsel, VAOPGCPREC 20-94, suggests that the Board lacks jurisdiction to act on any claim currently on appeal before this court. But that opinion is inapposite here. It applies only to appeals to this court of decisions in which the CAVC has remanded a case back to the Board. While this court hears the appeal, the Board may not act on the CAVC's remand. The same is not true where the Board has itself reopened a case upon finding new and material evidence. In that situation, the Board has jurisdiction to reopen and decide that new and separate matter. *See Sims*, 578 F.3d at 1335.

The second mandamus petition fares no better. The RO's determination that it could not act on Ms. Winsett's March 27, 2009, claim rests on the principle that the RO may not disturb the Board's rulings unless a claimant presents new and material evidence. We lack jurisdiction to review the factual question whether any

new and material evidence was presented at that time. 38 U.S.C. § 7292(d)(2). The RO's jurisdictional determination did not deprive Ms. Winsett of any constitutional right or any other clear right that would justify the exceptional remedy of mandamus.

Ms. Winsett argues that if the Board had waited to issue its decision until this court had ruled she could have submitted a portion of our opinion as evidence showing that she and Mr. Jacks cohabited. The CAVC was correct to dismiss that argument. This court's 2008 opinion stated that, "according to family and friends," Ms. Winsett and Mr. Jacks "cohabited" for some time following their divorce. *Winsett*, 283 F. App'x at 798. But that reference to the record does not constitute a factual finding. The passage merely describes certain evidence; neither that passage nor anything else in this court's opinion constitutes a finding as to whether Mr. Winsett and Mr. Jacks cohabited.

Moreover, Ms. Winsett also has an alternative forum to adjudicate her underlying surviving spouse claim: the April 24, 2012, proceeding she has filed with the RO. She is free to present any new and material evidence on the surviving spouse issue that she would have presented had the RO heard those earlier claims. If she objects to the RO's determination, she may appeal to the Board and then to the CAVC, provided that she abides by the filing requirements that court has imposed. Relief by writ of mandamus is plainly inappropriate under these circumstances.

## III

In support of her various contentions, Ms. Winsett has made a number of accusations against DVA and judicial personnel. She accuses the DVA of fabricating records to suggest that she had appealed the 2009 RO decision to the Board, supposedly in an attempt to convince the CAVC to dismiss her mandamus petitions in light of this imaginary pending appeal. Ms. Winsett does not ade-

quately support such a serious charge, and the CAVC did not rely on any alleged pending claim before the Board to deny her mandamus petitions.

Ms. Winsett also accuses the CAVC of holding *ex parte* communications with the DVA and otherwise impugns the integrity and impartiality of the members of that court. These unsupported accusations are frivolous. She further contends that the CAVC's decision not to assign her case to a three-judge panel deprived her of due process. That argument, too, is baseless. *See Arnesen v. Principi*, 300 F.3d 1353, 1360-61 (Fed. Cir. 2002); 38 U.S.C. § 7254(b).

Finally, Ms. Winsett seeks review of the CAVC's sanctions order entered as a remedy for her abuse of process. That order was not even issued when Ms. Winsett filed the two mandamus petitions here at issue, so it is not properly before this court in these appeals.

**AFFIRMED**