NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHELIA WINSETT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7086

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2664, Judge Alan G. Lance, Sr.

---

Decided: December 11, 2013

---

SHELIA WINSETT, of Parrish, Alabama, pro se.

BARBARA E. THOMAS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief was TRACEY PARKER WARREN, General Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington,

DC.  Of counsel was DAVID J. BARRANS, Deputy Assistant
General Counsel, United States Department of Veterans
Affairs, of Washington, DC.

––––––––––––––––––

Before NEWMAN, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

Shelia Winsett ("Winsett") appeals from the order of
the United States Court of Appeals for Veterans Claims
(the "Veterans Court") denying her petition for a writ of
mandamus and imposing sanctions for frivolous filings.
*Winsett v. Shinseki*, No. 12-2664, 2012 WL 5360974 (Vet.
App. Nov. 1, 2012).  Because the Veterans Court did not
abuse its discretion, we affirm.

## BACKGROUND

Before us is Winsett's eleventh appeal to this court re-
lating to benefit claims arising from the death of Gary
Jacks ("Jacks"), a veteran.  *See Winsett v. Shinseki*, 527 F.
App'x 965 (Fed. Cir. 2013) (two consolidated appeals);
*Winsett v. Shinseki*, 397 F. App'x 627 (Fed. Cir. 2010);
*Winsett v. Peake*, 302 F. App'x 915 (Fed. Cir. 2008); *Win-
sett v. Peake*, 283 F. App'x 796 (Fed. Cir. 2008); *Winsett v.
Nicholson*, 174 F. App'x 567 (Fed. Cir. 2006); *In re Win-
sett*, 90 F. App'x 398 (Fed. Cir. 2004); *Winsett v. Principi*,
341 F.3d 1329 (Fed. Cir. 2003); *Winsett v. Principi*, 65 F.
App'x 301 (Fed. Cir. 2003); *Winsett v. West*, 217 F.3d 854
(Fed. Cir. 1999) (unpublished).

Jacks and Winsett married in 1969 and divorced in
1977.  After Jacks died in 1989, Winsett made successive
filings at a Department of Veterans Affairs ("VA") Re-
gional Office ("RO") seeking recognition as Jacks's surviv-
ing spouse and claiming that she and Jacks had lived
together in a common law marriage after their divorce.
The Board of Veterans' Appeals (the "Board") denied her
initial surviving spouse claim in 2005, which was affirmed

by the Veterans Court in September 2007 and by this court in July 2008. *Winsett v. Peake*, 283 F. App'x 796, 798 (Fed. Cir. 2008).

The day after the Board denied her first claim, Winsett filed a second surviving spouse claim at the RO and subsequently appealed the RO's denial of that claim. While recognizing that her initial claim was on appeal, the Board reopened her case after determining that she had presented new and material evidence. On December 21, 2007, the Board denied her second claim (the "2007 Decision"). Winsett appealed to the Veterans Court arguing that the Board lacked jurisdiction over her second claim while her first claim was on appeal. The Veterans Court affirmed the Board, noting that the Board could reopen her case after the submission of new and material evidence and that "such a reopening amounts to a new case and is a jurisdictionally separate matter." *Winsett v. Shinseki*, No. 08-0210, 2010 WL 276193, at *7 (Vet. App. Jan. 26, 2010); *see also* 38 U.S.C. § 5108. We dismissed in part and affirmed in part, finding "no error in allowing her claim to be reopened while the case was on appeal." *Winsett v. Shinseki*, 397 F. App'x 627, 629 (Fed. Cir. 2010).

Winsett filed a third surviving spouse claim in 2009. The RO first denied that claim and then closed the claim after the RO determined in 2011 that it lacked jurisdiction. *Winsett*, 2012 WL 5360974, at *3. Winsett then filed three mandamus petitions in the Veterans Court.

On February 17, 2012, Winsett filed a petition seeking to vacate the 2007 Decision. Relying on the RO's determination in 2011 that it lacked jurisdiction over a later filed claim, she asserted that the Board lacked jurisdiction to issue the 2007 Decision and that the decision should be revised on the basis of clear and unmistakable error ("CUE"). The Veterans Court denied the petition. *Winsett v. Shinseki*, No. 12-784, 2012 WL 1155918 (Vet.

App. Apr. 6, 2012). The court explained that her jurisdictional argument had been previously considered and rejected. Moreover, because the 2007 Decision had been affirmed on appeal, it was no longer subject to revision on the basis of CUE. *Id.* at \*2; 38 C.F.R. § 20.1400. The court noted that Winsett "should be well aware of § 20.1400, as the Court and the Federal Circuit [had] rejected [the CUE] argument with respect to at least two other Board decisions." *Winsett*, 2012 WL 1155918, at \*2 (citing *Winsett v. Shinseki*, No. 08-0210, 2010 WL 276193, at \*3; *Winsett v. Principi*, 341 F.3d at 1331–32). The court cautioned that "[s]hould she continue to raise this argument, whether in connection with this Board decision or any other Board decision that has been appealed to and decided by the Court, the Court may impose sanctions in addition to dismissing her petition or appeal." *Id.* (citing U.S. Vet. App. R. 38).

On May 8, 2012, Winsett filed a second mandamus petition, asserting that the RO violated her constitutional rights when it closed her 2009 claim. The Veterans Court denied that petition. *Winsett v. Shinseki*, No. 12-1572, 2012 WL 3554585 (Vet. App. Aug. 20, 2012). Winsett appealed the denial of those two mandamus petitions and we affirmed the Veterans Court. *Winsett v. Shinseki*, 527 F. App'x 965 (Fed. Cir. 2013) (appeals consolidated).

While her first mandamus petition was pending before the Veterans Court, Winsett filed a motion before the Board asserting that the 2007 Decision constituted CUE. The Board denied that motion on August 22, 2012. *In re Winsett*, 2012 WL 5221180 (Bd. Vet. App. Aug. 22, 2012).

On August 10, 2012, Winsett filed her third mandamus petition in the Veterans Court, which is at issue in this appeal, seeking to correct a statement in a February 2012 letter that she received from the Board. *Winsett*, 2012 WL 5360974, at \*1. In that letter, the Board stated that the 2007 Decision was issued "months following the

Veterans Court's mandate." Resp't's App. at 38. Winsett then filed ten supplemental documents in the Veterans Court between August and October 2012, asserting that: (1) the Board lacked jurisdiction to issue the 2007 Decision and that the decision was the product of CUE; (2) the Veterans Court had improperly docketed her pleadings as "received," rather than as "filed;" (3) her case should be decided by a panel, rather than by a single judge; and (4) the VA had falsified or destroyed records in her claims file. *Winsett*, 2012 WL 5360974, at \*4.

A single judge of the Veterans Court denied her third petition on November 1, 2012. *Id.* at \*8. The court found that Winsett was not prejudiced by the incorrect statement in the February 2012 letter and that her other arguments were unpersuasive, moot, or contrary to the rules of the court. *Id.* at \*5–6. The court also referred to its denial of her first mandamus petition, which explained that Winsett had exhausted her appellate rights with respect to the 2007 Decision. *Id.* at \*6. The court then imposed sanctions on Winsett "in light of voluminous, repetitive, and frivolous filings . . . both in this case and in the past." *Id.* at \*7. Those sanctions prohibited Winsett from filing further pleadings in the Veterans Court, other than pleadings for a pending appeal and future notices of appeal from the Board, without first filing a motion to seek permission and paying a $50 filing fee. *Id.* at \*8. The court indicated that Winsett would be "subject to further sanction, including a fine, should she fail to abide by the terms of this order," but allowed her to move to rescind the order after two years. *Id.* at \*8–9.

Winsett moved for a panel decision, which was granted. A panel of three judges affirmed and adopted the November 2012 order as the decision of the court. *Winsett v. Shinseki*, No. 12-2664, 2013 WL 28622 (Vet. App. Jan. 3, 2013). Winsett's subsequent motion for en banc review was denied. *Winsett v. Shinseki*, No. 12-2664, 2013 WL 866527 (Vet. App. Mar. 8, 2013). This appeal followed.

DISCUSSION

We review the denial of a petition for a writ of mandamus for abuse of discretion. *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). The imposition of sanctions by a court below is also reviewed for abuse of discretion. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2007) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)) (Rule 11 sanctions). However, our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We may not, absent a constitutional challenge, "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

I.

Winsett maintains that her mandamus petition should have been granted. She argues that the 2007 Decision constituted CUE because the RO later admitted in 2011 that it lacked jurisdiction. She contends that the VA erred in processing her 2005 claim as a new claim under 38 C.F.R. § 3.156(a), rather than as a pending claim under § 3.156(b). Winsett also argues that the error in the February 2012 Board letter caused her harm. Winsett alleges that her constitutional rights were violated because the VA had purportedly falsified and destroyed records of her claims file. Winsett also asserts that the judge issuing the November 2012 order was biased and should have been recused.

The government responds that Winsett's arguments concerning the 2007 Decision cannot serve as a basis for mandamus relief because her arguments have been previously considered and rejected. The government contends that her remaining arguments lack legal basis or were rejected by the Veterans Court based on factual determinations not reviewable on appeal. The govern-

ment also responds that Winsett failed to establish a plausible constitutional claim.

We agree with the government. A writ of mandamus is a remedy reserved for "extraordinary circumstances." *Lamb*, 284 F.3d 1382. A petitioner must demonstrate that she has a clear and indisputable right to the writ and that she has no alternative way to obtain the relief sought. *Id.* (quoting *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976)). Winsett failed to clearly and indisputably establish her right to a writ. She advanced arguments challenging the 2007 Decision, which had been advocated and rejected in her direct appeal of the 2007 Decision and her first mandamus petition filed in 2012. In our recent decision affirming the denial of that mandamus petition, we explained that the Board in 2007 made a finding of new and material evidence with regard to her second claim. *Winsett*, 527 F. App'x at 969. That determination had been affirmed on appeal and rendered harmless the RO's initial error in entertaining the second claim. In contrast, there was no finding of new and material evidence as to the third claim and the RO rightly closed that claim. Our affirmance of the 2007 Decision was final and not subject to further review by the Board. As a result, Winsett did not have the clear right to relief from the 2007 Decision that was required to invoke the extraordinary remedy of mandamus. *Id.* (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004)).

Winsett asserts that if the Board had waited to decide on her second claim until after we had ruled on her first claim in 2008 then our 2008 decision would have caused the Board to decide differently. Our 2008 opinion stated in the Background that, "[a]ccording to family and friends," Winsett and Jacks "cohabited" for some time following their divorce. *Winsett*, 283 F. App'x at 798. However, as we noted, that reference to the record does not constitute a factual finding as to whether Winsett and Jacks had cohabited. *Winsett*, 527 F. App'x at 970. In-

deed, we lack jurisdiction to review such a factual determination. 38 U.S.C. § 7292(d)(2); *Winsett*, 397 F. App'x at 629 ("The Board's determination that Winsett and Jacks did not have a common law marriage at the time of Jacks'[s] death involves a question of law applied to facts and is not within our jurisdiction to review.").

We find no merit in Winsett's remaining arguments regarding her mandamus petition and therefore conclude that the Veterans Court did not abuse its discretion in denying the petition.

## II.

Winsett maintains that the Veterans Court erred in imposing sanctions. Winsett argues that she filed the mandamus petition following the Board's suggestion in its August 22, 2012 decision. Winsett asserts that her filings were not frivolous and that she was not relitigating previously adjudicated issues. Winsett argues that in August 2010 the Veterans Court had ordered her to show cause as to why the court should not enjoin her from future filings, but did not sanction her at that time, and thus she "should not be tried for the same cases twice." Pet'r's Informal Br. 8. Winsett also asserts that she was not given proper notice and an opportunity to respond.

The government responds that the Veterans Court did not abuse its discretion in sanctioning Winsett. The government contends that her arguments have been raised in prior appeals and that her appeal was wasteful given the number of times the denials of her surviving spouse claims had been reviewed and affirmed. The government contends that Winsett abused the judicial process by inundating the court with repetitive arguments concerning the 2007 Decision. The government asserts that her arguments concerning the August 2010 court order had no legal basis and that the Veterans Court had the authority to sanction a litigant based on her entire litigation history before the court. The government

maintains that Winsett had notice from the Veterans Court in its April 2012 order that the court may impose sanctions. The government argues that Winsett had an opportunity to and did in fact respond to the sanctions order by seeking panel review.

We agree with the government. Winsett's reliance on the August 22, 2012 Board decision is inapposite because she filed the petition on August 10, 2012, before the issuance of the Board decision. Disregarding the warning of possible sanctions from the Veterans Court in its April 2012 order, Winsett filed supplemental documents between August and October 2012 raising similar arguments as those presented in the first two mandamus petitions, including CUE challenges to the 2007 Decision, which had been considered and denied by the court. *Winsett*, 2012 WL 1155918, at *2. Moreover, when imposing filing sanctions, the Veterans Court noted that Winsett had filed more than 60 documents in 2012 including identical documents in different dockets and errata or addenda to previous filings that consisted of minor typographical changes and that those repetitive filings were more egregious in light of the court's prior warnings. *Winsett*, 2012 WL 5360974, at *7 (citing *Winsett*, 2012 WL 1155918, at *2; *Winsett v. Principi*, No. 01-726, 2001 WL 881276, at *1 (Vet. App. June 1, 2001) ("The goal of fairly dispensing justice, however, is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests."); *Winsett v. Principi*, No. 00-2320, 2001 WL 881423, at *1 (Vet. App. Apr. 3, 2001) ("The Court notes that Ms. Winsett has already been cautioned that her numerous and inconsistent pleadings are not contemplated by the rules and serve only to frustrate the appellate process. The incessant influx of Ms. Winsett's pleadings is an abuse of process and a waste of judicial resources."). All of these activities justified sanctions.

Rule 38(a) of the Veterans Court provides that "[i]f the Court determines that an appeal, petition, motion, or other filing is frivolous, it may, after . . . notice from the Court and reasonable opportunity to respond, enter such order as it deems appropriate, to include sanctions, dismissal of the appeal, or reduction in any award . . . ." Winsett received clear notice of possible sanctions from the Veterans Court, including from the April 2012 order. *Winsett*, 2012 WL 1155918, at *2. Notwithstanding those warnings, Winsett filed two additional mandamus petitions in May and August of 2012 and numerous supplemental documents. After the single judge issued the sanctions order in November 2012, Winsett contested the order in her motion for panel review. Resp't's App. at 73. After granting her motion, a panel of three judges of the Veterans Court affirmed the November 2012 order. "The Veterans Court has broad discretion to interpret and apply its Rules of Practice and Procedure." *Bastien v. Shinseki*, 599 F.3d 1301, 1307 (Fed. Cir. 2010) (citing *Carbino v. West*, 168 F.3d 32, 35 (Fed. Cir. 1999)); *Lynch v. Shinseki*, 476 F. App'x 401, 407 (Fed. Cir. 2012) ("The Veterans Court's enforcement of its own procedural rules is entitled to substantial discretion"). We conclude that the Veterans Court did not abuse its discretion in imposing sanctions on Winsett.

## CONCLUSION

We have considered Winsett's remaining arguments, including those presented in supplemental documents filed after her reply brief, and conclude that they are without merit. Because the Veterans Court did not abuse its discretion in denying the mandamus petition and in imposing filing sanctions, we affirm.

## AFFIRMED