NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHELIA WINSETT,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7045

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2824, Judge Robert N. Davis.

--------------------------------------------------------

**SHELIA WINSETT,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7046

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2664, Judge William A. Moorman.

———————————

Decided: May 11, 2015

———————————

SHELIA WINSETT, Parrish, AL, pro se.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Shelia Winsett appeals from two decisions of the United States Court of Appeals for Veterans Claims (the Veterans Court). Both decisions arise out of Ms. Winsett's long-standing efforts through multiple litigations to obtain benefits as the alleged surviving spouse of veteran Gary W. Jacks.

Ms. Winsett appeals: (i) the Veterans Court decision affirming the regional office's conclusion that it did not have jurisdiction to entertain her attempts to reopen a claim that was pending appeal, *Winsett v. Gibson*, No. 12-2824, 2014 WL 2766622 (Vet. App. June 19, 2014) ("June 2014 Decision"); and, (ii) the Veterans Court order denying her motion to recall the mandate and rescind its earlier November 1, 2012 order, that order having denied her petition for mandamus and imposed sanctions for

frivolous filings, *Winsett v. McDonald*, No. 12-2664, 2014 WL 6968093 (Vet. App. Dec. 9, 2014) ("December 2014 Order").

We consolidate these two cases for purposes of appeal. Fed. Cir. R. 3(b)(2). For the reasons that follow, we affirm the June 2014 Decision. And because we conclude that Ms. Winsett failed to sufficiently raise any legal issues to invoke our jurisdiction with respect to the December 2014 Order, we dismiss for lack of jurisdiction.

## I.    BACKGROUND

Mr. Jacks and Ms. Winsett were married in 1969 and divorced in 1977. After Mr. Jacks died in 1989, Ms. Winsett filed successive surviving spouse claims before a regional office (RO) of the Department of Veterans Affairs (DVA). Ms. Winsett's successive claims at the RO have resulted in eleven prior appeals to this court. *See Winsett v. Shinseki*, 549 F. App'x 998, 999 (Fed. Cir. 2013) (collecting cases). Despite Ms. Winsett's repeated attempts, to date she has yet to succeed on the underlying merits of her case.

The procedural history of Ms. Winsett's cases is well chronicled in our prior opinions. *See, e.g., id.* at 999–1001; *Winsett v. Shinseki*, 527 F. App'x 965, 966–68 (Fed. Cir. 2013). A concise background of this history is nonetheless necessary to provide context to the facts relevant to the present appeals.

Ms. Winsett's first relevant claim was denied because the RO found that she did not qualify as Mr. Jacks' surviving spouse. According to Ms. Winsett, even though she and Mr. Jacks divorced in 1977, they had maintained a common law marriage until Mr. Jacks' death. *See Winsett v. Nicholson*, 25 Vet. App. 114 (2007). The RO found otherwise, and after appeals to the Board and Veterans Court, this court affirmed the decision in July 2008. *Winsett v. Peake*, 283 F. App'x 796, 798 (Fed. Cir. 2008).

By then, Ms. Winsett had already filed a second surviving spouse claim with the RO. Although the Board recognized the first claim was still on appeal, it reopened her case after determining she had presented new and material evidence. The Board then denied her second claim on the merits. The Veterans Court affirmed, and we found no error with that decision. *Winsett v. Shinseki*, 397 F. App'x 627, 629 (Fed. Cir. 2010).

Ms. Winsett later filed a petition for writ of mandamus, alleging that a misstatement regarding the status of her case in the Veterans Appeals Control and Locator System (VACOLS) prevented the court from rendering a fair and just decision regarding her second claim. The Veterans Court found that the misstatement had no bearing on the merits of its prior decision and denied her petition. *Winsett v. Shinseki*, No. 12-2664, 2012 WL 5360974 (Vet. App. Nov. 1, 2012). Moreover, noting that a prior order had explained to Ms. Winsett that her appellate rights with respect to her first claim had been exhausted, the Veterans Court imposed sanctions "in light of the voluminous, repetitive, and frivolous filings . . . both in this case and in the past." *Id.* at \*7. Those sanctions prohibited Ms. Winsett from making additional filings without first filing a motion to seek permission and paying a $50 filing fee. *Id.* at \*8. The order denying her petition and imposing sanctions (the November 2012 Order) was subsequently appealed to this court, and we affirmed. *Winsett v. Shinseki*, 549 F. App'x 998, 999 (Fed. Cir. 2013).

The presently appealed December 2014 Order stems from this November 2012 Order. Specifically, after this court's affirmance, Ms. Winsett moved for leave to file a motion to recall the Veterans Court's mandate and rescind the November 2012 Order. The Veterans Court reiterated that the misstatement in VACOLS was irrelevant to the merits of her underlying claim and denied the motion. *See* December 2014 Order, 2014 WL 6968093, at

*3. In addition, the Veterans Court found no basis to rescind the sanctions order, finding that Ms. Winsett's repeated filings in multiple cases on the same issue warranted sanctions. *Id.*

While the second claim was on appeal, Ms. Winsett filed a third claim with the RO in 2009 (March 2009 claim). That claim was initially denied, and then later closed after the RO determined it lacked jurisdiction. *See Winsett v. Shinseki*, No. 12-1572, 2012 WL 3554585, at *1 (Vet. App. Aug. 20, 2012). Specifically, the RO determined it did not have jurisdiction because the third claim was identical to the second claim, which was then-pending appeal. *Id.* Ms. Winsett then filed a petition for writ of mandamus in the Veterans Court, alleging that the RO violated her constitutional rights when it closed the March 2009 claim. The Veterans Court denied her petition and we affirmed her appeal of that denial. *Winsett*, 527 F. App'x at 968–69.

The current appeal of the June 2014 Decision is an off-shoot of the third claim. In addition to her mandamus petition challenging the closure of the March 2009 claim, Ms. Winsett also filed a claim to reopen that same claim. The RO denied her claim to reopen and she subsequently appealed to the Board, and then the Veterans Court, which both affirmed that denial. *See* June 2014 Decision, 2014 WL 2766622, at *2–4. Ms. Winsett now argues the Veterans Court erred in the June 2014 Decision because it failed to recognize that she was raising a new claim—which she calls an "abused widow" claim—distinct from the then-pending surviving spouse claims.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1).

We lack jurisdiction over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue. 38 U.S.C. § 7292(d)(2). We set aside a Veterans Court decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . ." 38 U.S.C. § 7292(d)(1)(A).

A

With respect to the June 2014 Decision, Ms. Winsett argues that the Veterans Court erred in determining that the Board properly dismissed her "abused widow" claim.[1] The Board, as affirmed by the Veterans Court, found that Ms. Winsett's "abused widow" claim was duplicative of her previously filed surviving spouse claim. Accordingly, the Veterans Court determined that the RO lacked jurisdiction to render a decision regarding the "abused widow" claim.

Ms. Winsett's chief argument on appeal is that her "abused widow" claim is legally distinct from her claim for surviving spouse status. Because, in her view, the claims are different, the RO had jurisdiction to decide the merits, and the Board decision to dismiss her latest claim was in error. In essence, Ms. Winsett complains that she has not yet had the opportunity to litigate her "abused widow" claim.

The government responds that Ms. Winsett misunderstands the law in this area. According to the government, the fact of abuse does not give rise to a claim itself, but rather may be a factual consideration when determining whether a claimant qualifies for surviving spouse

---

[1] To the extent that Ms. Winsett actually seeks to challenge the closure of her March 2009 claim, this court has already decided the merits of that claim. *See Winsett*, 527 F. App'x 965.

benefits. Specifically, the statute governing entitlement to surviving spouse benefits requires that a claimant must (1) be the spouse of the veteran at the time of death and (2) have lived continuously with the veteran until the time of death. 38 U.S.C. § 101(3). The government contends that the fact of abuse merely provides an exception to the requirement that a widow satisfy the second requirement. *Id.* The government concludes that Ms. Winsett's so-called "abused widow" claim is thus not a separate cognizable legal claim. Moreover, the government explains that this abuse allegation was raised and considered by the Board in a prior decision. The Board nonetheless found no valid marriage because Ms. Winsett failed to prove that she was Mr. Jacks' spouse at the time of his death as required under the statute.

We agree with the government. As an initial matter, we have jurisdiction over the purely legal question of whether there exists a stand-alone legal claim relating to Ms. Winsett's claim of abuse. 38 U.S.C. § 7292(d)(1). We find that it does not. As the government properly notes, any "misconduct" by the veteran may be taken into account when considering whether the spouse lived continuously with the veteran from marriage until death:

> The term "surviving spouse" means (except for purposes of chapter 19 of this title) a person of the opposite sex who was the spouse of a veteran at the time of the veteran's death, and who lived with the veteran continuously from the date of marriage to the date of the veteran's death (except where there was a separation which was due to the misconduct of, or procured by, the veteran without the fault of the spouse) . . . .

38 U.S.C. § 101(3). Her current claim is no different in character from her surviving spouse claim. Accordingly, the Veterans Court's June 2014 Decision correctly determined that her claim was properly dismissed.

Ms. Winsett also makes the constitutional claim that her Fifth Amendment right to due process has been violated because: (i) no statement of the case was issued with respect to her dismissed "abused widow" claim; and (ii) the RO is not allowing her claim to proceed on the merits. Ms. Winsett contends that the latter also constitutes a violation of her First Amendment right to an appeal.

We find these claims likewise without merit. As the Veterans Court pointed out, because the RO lacked jurisdiction to consider Ms. Winsett's "abused widow" claim to begin with, it did not need to issue a statement of the case. *See* June 2014 Decision, 2014 WL 2766622, at *2. Ms. Winsett's other argument fails for the reason that her claims have been heard and considered as part of her surviving spouse claims. *Id.* And to the extent her First Amendment claim is separate from her Fifth Amendment claim, it is constitutional in name only and does not invoke this court's jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

We have considered Ms. Winsett's remaining arguments and conclude that they are without merit. For the foregoing reasons, we affirm the Veterans Court's June 2014 Decision.

B

With respect to the December 2014 Order, Ms. Winsett argues that the Veterans Court improperly denied her motion to recall the Veterans Court's mandate and rescind its November 1, 2012 order denying her petition for mandamus and imposing sanctions. While the Veterans Court has the authority to recall a prior mandate, it does so only in "extraordinary circumstances." *McNaron v. W.*, 12 Vet. App. 334, 336 (1999) (quoting *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)). Such discretion "should be exercised sparingly, and only upon a showing of exceptional circumstances." *Serra v. Nicholson*, 19 Vet.

App. 268, 271 (2005) (quoting *Boston and Me. Corp. v. Town of Hampton*, 7 F.3d 281, 283 (1st Cir. 1993)).  Here, Ms. Winsett challenges the Veterans Court's determination that the misstatement in VACOLS was not relevant to the underlying merits of Ms. Winsett's claims and thus did not warrant recall of the mandate.  This court has already considered this issue.  *Winsett*, 549 F. App'x at 1000–01.  And to the extent that Ms. Winsett raises new factual bases for challenging the Veterans Court's determination, we do not have jurisdiction to review such questions.  *See* 38 U.S.C. § 7292(d)(2).

We have considered Ms. Winsett's remaining arguments and conclude they are without merit.  Accordingly, we dismiss Ms. Winsett's challenge to the December 2014 Order for lack of jurisdiction.

C

Having access to the courts to vindicate one's legal rights is a hallmark of our judicial system.  Yet given Ms. Winsett's litigation history, we caution that any further appeals re-challenging issues decided here, or in any of this court's prior eleven decisions, may subject her to sanctions.  Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."  This is because "[a] frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals."  *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1578 (Fed. Cir. 1991).

We also note that this court's authority to allow petitioners to proceed *in forma pauperis* is discretionary in nature.  28 U.S.C. § 1915(a)(1).  While we recognize the importance of making such petitions available to pro se litigants, "[i]t is vital that the right to file *in forma pauperis* not be incumbered by those who would abuse the

integrity of our process by frivolous filings." *Zatko v. California*, 502 U.S. 16 (1991) (per curiam) (quoting *In re Amendment to Rule 39*, 500 U.S. 13, 13 (1991)) (quotation marks omitted).  Given Ms. Winsett's repetitive filings at this court and the below tribunals, we advise that any additional applications to proceed *in forma pauperis* should be subject to additional scrutiny or, in the alternative, subject to an order to show cause why the petition for review should not be dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2).

## III.  CONCLUSION

For the foregoing reasons, we affirm the Veterans Court's June 2014 Decision, 2014 WL 2766622, and dismiss Ms. Winsett's appeal with respect to the December 2014 Order, 2014 WL 6968093, for lack of jurisdiction.

Appeal no. 2015-7045 is **AFFIRMED**

Appeal no. 2015-7046 is **DISMISSED**