**Shelia WINSETT, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 02–7267.**

United States Court of Appeals, Federal Circuit.

DECIDED: May 15, 2003.

Rehearing and Rehearing En Banc Denied June 26, 2003.

302

Before LINN, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Shelia Winsett ("appellant") appeals the Court of Appeals for Veterans Claims' denial of her petition for writ of mandamus. *Winsett v. Principi*, 15 Vet.App. 403 (Vet. App.2002). We *affirm*.

Gary Jacks, the appellant's ex-husband, was on active duty from May 1969 to January 1972. In June of 1989, Mr. Jacks died of a myocardial infarction. At the time of his death, Mr. Jacks had a pending claim for disability benefits based on post-traumatic stress disorder (PTSD). The appellant, as custodial parent of Mr. Jacks' children, filed a claim on their behalf seeking dependency and indemnity compensation in July 1989. The claim was denied by the Regional Office ("RO") because it found that Mr. Jacks' death was not service-connected. The denial was ultimately af-

firmed by this court. *Winsett v. West,* 217 F.3d 854 (Fed.Cir.1999) (Table).

In October 1998, the appellant, even before her appeal was fully decided, sought to reopen the claim (now as her children's agent), inter alia, alleging that there was new and material evidence of service connection, claiming specifically that her husband's death was due to exposure to Agent Orange. The RO reopened the claim and denied it in June 1999. The appellant appealed to the Board of Veterans' Appeals, which on October 17, 2000, affirmed the RO's action in part but referred certain claims related to Agent Orange to the RO (including the claim of service connection). *In re Jacks,* No. 00–04–314A, slip op. at 6–7 (B.V.A. Oct. 17, 2000). The Board emphasized that the appellant's remanded claims *"must be afforded expeditious treatment* by the RO." *Id.* at 7 (emphasis in original).

On April 27, 2001, the appellant filed a petition for a writ of mandamus in the Court of Appeals for Veterans Claims to direct the RO to adjudicate the new and material evidence claims remanded by the Board. She filed an amended petition on April 30, 2001.

On June 1, 2001, the Court of Appeals for Veterans Claims, in an order by a single judge, denied the petition for writ of mandamus. The court held that "the appellant has failed to demonstrate that the delay she complains of is so extraordinary that it amounts to an arbitrary refusal by the Secretary to act." *Winsett v. Principi,* No. 01–726, slip op. at 1, 2001 WL 881276 (Vet.App. June 1, 2001). The appellant moved for reconsideration and decision by a panel, which were both denied. *Winsett v. Principi,* No. 01–726, slip op. at 1, 2001 WL 1168158 (Vet.App. Aug. 7, 2001).

On August 16, 2001, the appellant moved for a full court decision and asserted that the court had misunderstood the basis for her motion. Her motion was denied on

September 27, 2001. *Winsett v. Principi*, No. 01–726, slip op. at 1, 2001 WL 1700031 (Vet.App. Sept. 27, 2001). The court pointed out that "[t]he burden to demonstrate entitlement to a writ has not been satisfied when, as here, the petitioner seeks extraordinary relief as a substitute for a pending appeal or seeks to adjudicate matters beyond the Court's jurisdiction." *Id.*

The appellant then moved to amend the June 1 order and to quash and reconsider the September 27 order, and to stay proceedings. These motions were all denied on January 17, 2002. *Winsett v. Principi*, 15 Vet.App. 403 (2002). The court further ordered that "the Clerk of the Court is directed to return to the petitioner all future pleadings filed by her in this matter." *Id.* at 404.

The appellant timely appealed to this court.

## I.

Our jurisdiction over appeals from the Court of Appeals for Veterans Claims is defined by 38 U.S.C. § 7292, *amended by* Veterans Benefits Act of 2002, Pub.L. No. 107–330, 116 Stat. 2820. *See Morgan v. Principi*, 327 F.3d 1357, 1360 (Fed.Cir. 2003). We review legal determinations of the Court of Appeals for Veterans Claims *de novo. Herndon v. Principi*, 311 F.3d 1121, 1124 (Fed.Cir.2002).

## II.

The appellant urges, as a basis for granting her writ of mandamus, that the RO has refused to process the new and material evidence claims which the Board remanded and has refused to recognize her as the representative of Mr. Jacks' children, who have now reached majority. The writ of mandamus, however, is a "drastic" remedy, "to be invoked only in extraordinary situations." *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). It is appropriate "only ... when no meaningful alternatives are available." *In re Newman*, 763 F.2d 407, 409–10 (Fed.Cir.1985). In this case, as the Court of Appeals for Veterans Claims recognized, there is a meaningful alternative: the normal process of review. In *Lamb v. Principi*, 284 F.3d 1378 (Fed. Cir.2002), the veteran too sought a writ of mandamus in part because of delay of 15 months in processing his remanded claim. *Id.* at 1383. In that case, as in this one, the Board had emphasized that the veteran's claims "*must be afforded expeditious treatment* by the RO." *Id.* at 1383. We held that "[t]here is no reason to think that the Regional Office will not heed the Board's directive, or that the proceedings before the Regional Office will be unduly delayed and allowed to drag on." *Id.* If that should not prove the case, the veteran "then may seek further expediting action from the Board." *Id.* For the same reasons, the appellant's argument here fails.

The appellant also claims error here in the processing of the new and material evidence claims before the RO; but, like her other claims, this is a matter that must be raised on appeal, rather than in a petition for mandamus. We note in this connection that the Board on November 6, 2002, ordered the RO to conduct a hearing on the appellant's claims. *In re Jacks*, Nos. 00–22 834A, slip op. at 2 (B.V.A. Nov. 6, 2002). We assume the RO will act expeditiously.

For the foregoing reasons, the decision of the Court of Appeals for Veterans Claims is affirmed.

## COSTS

No costs.