LOURIE, Circuit Judge.
 

 Shelia Winsett appeals from the decision of the United States Court of Appeals for Veterans Claims affirming a decision of the Board of Veterans’ Appeals dismissing her claim that an earlier Board decision contained clear and unmistakable error (“CUE”).
 
 Winsett v. Principi,
 
 2003 WL 1089383, No. 00-2320 (Vet.App. Jan. 17, 2003). Because the court’s decision is not based on an erroneous interpretation of a statute or regulation, we affirm.
 

 BACKGROUND
 

 Ms. Winsett is the former spouse of Gary Jacks, who served in the U.S. Army from 1969 until 1972. Mr. Jacks’ time in the Army included a tour of duty in Vietnam, where his duties included handling herbicides, including Agent Orange. Jacks died in 1989 as a result of a myocardial infarction. His treating physician completed a death certificate that listed “Agent Orange exposure” as a “significant condition[ ] ... contributing to death but not related to cause.” Ms. Winsett filed a claim seeking dependency and indemnity compensation for Jacks’ children, for whom she was custodian. The Department of Veterans Affairs (“VA”) regional office denied the claim on the ground that his death was not service-connected, and the Board affirmed in 1995. Before making its decision, the Board, acting pursuant to 38 U.S.C. § 7109, obtained from a medical expert employed by the VA an advisory medical opinion that Jacks’ exposure to Agent Orange was not causally related to his death. In September 1998, the Court of Appeals for Veterans Claims affirmed the Board’s decision. On appeal to this court, we reviewed the court’s interpretation of § 7109 and affirmed the court’s decision.
 
 Winsett v. West,
 
 217 F.3d 854 (Fed.Cir.1999) (table).
 

 In October 1998, Winsett filed a claim alleging that the Board’s 1995 decision contained CUE. The Board dismissed Win-sett’s CUE claim on the ground that 38 C.F.R. § 20.1400(b) foreclosed CUE attacks on the Board’s 1995 decision when the Court of Veterans Appeals and this court had affirmed that decision. The Court of Appeals for Veterans Claims affirmed the Board’s dismissal for the same reason, stating: “The law is clear ... that final Board decisions that have been appealed to and decided by a court of competent jurisdiction are not subject to revision
 
 *1331
 
 on the basis of CUE.”
 
 Winsett v. Principi
 
 2003 WL 1089383 at 1 (citing 38 C.F.R. § 20.1400(b) (2002)). Winsett now appeals to this court from that judgment. We have jurisdiction pursuant to 38 U.S.C. § 7292.
 

 DISCUSSION
 

 We review a statutory interpretation by the Court of Appeals for Veterans Claims
 
 de novo. Dambach v. Gober,
 
 223 F.3d 1376, 1380 (Fed.Cir.2000). We review the court’s interpretation of a regulation to determine whether it was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 38 U.S.C. § 7292(d)(1)(A). We cannot review findings of fact or application of law to the facts.
 
 Id.
 
 § 7292(d)(2).
 

 Winsett argues that the Board and the court misinterpreted 38 C.F.R. § 20.1400(b). According to her assertion, Congress intended the CUE statutes, 38 U.S.C. §§ 5109A, 7111 (2000), to allow CUE claims regardless what agency or court tribunal has reviewed the claim. Winsett also argues that the Board or the VA committed certain procedural errors during the handling of her claim. She further contends that the VA violated its duty to assist her and did not consider evidence that Jacks’ treating physician had consulted a cardiologist before preparing Jacks’ death certificate. She also contends that the Board failed to consider other evidence that she submitted within one year of the Board’s decision and that that submission of evidence thereby renders the Board’s decision nonfinal. Moreover, Winsett generally presents other arguments relating to the facts of her claim.
 
 [1]
 

 Winsett’s request that we review the court’s interpretation of 38 C.F.R. § 20.1400(b) is one that is within the scope of our jurisdictional statute, 38 U.S.C. § 7292. We therefore will address it. It asks whether a CUE claim can be brought after the underlying issue has been adjudicated by a court. Upon our review, however, we find no merit to Winsett’s argument. In
 
 Disabled American Veterans v. Gober,
 
 234 F.3d 682 (Fed.Cir.2000) (“ZMV”), we interpreted 38 C.F.R. § 20.1400(b) as the Board and the court did in this case; That regulation reads as follows:
 

 All final Board decisions are subject to revision under this subpart except:
 

 (1) Decisions on issues which have been appealed to and decided by a court of competent jurisdiction; and
 

 (2) Decisions on issues which have subsequently been decided by a court of competent jurisdiction.
 

 38 C.F.R. § 20.1400(b) (2003). In
 
 DAV
 
 we interpreted that rule as follows:
 

 This rule prevents the Board from reviewing a previous Board decision on an issue for CUE when the previous issue has been appealed to, or decided by, a court of competent jurisdiction, such as the Court of Appeals for Veterans Claims, and that reviewing court has decided the issue the claimant seeks to review for CUE.
 

 234 F.3d at 693. We explained that a contrary interpretation of the rule would effectively allow a lower tribunal to review the decision of a higher tribunal — a situation that is not logical.
 
 Id.
 
 We further explained that
 

 if a superior court, such as the Court of Appeals for Veterans Claims, affirms the determination of the Board on a particular issue, that Board decision is replaced by the Court of Appeals for Veterans
 
 *1332
 
 Claims decision on that issue. Thus, there is no longer any decision by the Board that can be subject to revision.
 

 Id.
 
 (internal quotation marks and alterations omitted).
 

 This appeal is not an attempt to re-open a claim pursuant to 38 U.S.C. § 5108 on the ground that new and material evidence has been found.
 
 [2]
 
 Moreover, it is not a new issue, different from the one adjudicated previously. Instead, this appeal is one in which the facts have previously been reviewed by a court in light of the relevant law on the same claim. If there had been CUE, then it surely would have been, or should have been, raised before. In fact, Winsett would have been obligated to raise any error that was clear and unmistakable when she brought her earlier appeals. Because the earlier case has been decided, and all appeals exhausted, we conclude that there could not have been CUE as a matter of law. That conclusion is what is embodied in § 20.1400(b), which the court properly interpreted. Thus, we affirm the court’s interpretation of 38 C.F.R. § 20.1400(b) as foreclosing Winsett’s CUE claim.
 

 Winsett’s remaining arguments are directed to factual determinations, or at least to application of the law to the facts of her case. We are precluded from addressing those arguments. 38 U.S.C. § 7292(d)(2). Winsett also appears to assert that the Court of Appeals for Veterans Claims failed to address her claim that grave procedural error rendered the 1995 decision non-final. We have rejected that theory.
 
 Cook v. Principi,
 
 318 F.3d 1334, 1341 (Fed.Cir.2002) (en banc).
 

 Because the court’s decision is not based on an erroneous interpretation of a statute or regulation, we
 

 AFFIRM.
 

 [1]
 

 . We have also considered the arguments presented as amicus curiae on behalf of Winsett by Alvin G. Friedman, N.S.O., National Veterans Organization of America, Las Vegas Chapter Two.
 

 [2]
 

 . Winsett has had a separate claim at the VA alleging that she has discovered new and material evidence to support her claim for death benefits.
 
 See Winsett v. Principi,
 
 65 Fed.Appx. 301, 302 (Fed.Cir.2003) (affirmance of the Court of Appeals for Veterans Claims’ denial of Winsett's petition for a writ of mandamus to direct the VA to re-adjudicate her claim in light of the new and material evidence).