NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7181

SHEILA WINSETT,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: March 15, 2006

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims denied Sheila Winsett's informal "Petition for Rule Nisi," which the Veterans Court construed as a motion for extraordinary relief in the nature of a writ of mandamus. Winsett v. Nicholson, No. 04-1448 (Vet. App. April 14, 2005) (Order). Because the Veterans Court did not err in treating Ms. Winsett's petition as one for a writ of mandamus, and because the Veterans Court did not abuse its discretion in denying her petition, this court affirms.

BACKGROUND

Ms. Winsett has been a plaintiff in a number of appeals to this court concerning: the service connection for the death of Mr. Gary Jacks; the denial of Ms. Winsett's status as a surviving spouse of Mr. Jacks; and the entitlement to accrued benefits of Mr.

Jacks' two adult children. See In re Winsett, 90 Fed. Appx. 398 (Fed. Cir. 2004); Winsett v. Principi, 341 F.3d 1329 (Fed. Cir. 2003); Winsett v. Principi, 65 Fed. Appx. 301 (Fed. Cir. 2003); and Winsett v. West, 217 F.3d 854 (Fed. Cir. 1999).

In 2003, Ms. Winsett appealed three decisions of the Board of Veterans Appeals (the Board) to the Veterans Court, which were subsequently remanded to the Board. Winsett v. Principi, 18 Vet. App. 419 (2003) (Remand Decision). On May 18, 2004, the Board remanded the matter to a Regional Office (RO). On July 30, 2004, after a hearing, the RO issued a Supplemental Statement of the Case (SSOC) and sent a copy to Ms. Winsett. With that copy, the RO included a cover letter advising Ms. Winsett that her records would be returned to the Board for further adjudication if the RO did not receive any additional information from her within sixty days. See Order, slip op. at 1. On August 16, 2004, Ms. Winsett filed an informal petition, styled "Petition for Rule Nisi," with the Veterans Court. Ms. Winsett also filed a number of "informal correspondence" documents and motions with the Veterans Court between September 2004 and March 2005. See id. The Veterans Court construed Ms. Winsett's "Petition for Rule Nisi" as a motion for extraordinary relief in the nature of a writ of mandamus, which alleged that the Secretary of Veterans Affairs had failed to comply with the Veterans Court's Remand Decision. Order, slip op. at 1. The Veterans Court denied the petition, concluding that Ms. Winsett had not proved that she was entitled to such a writ or that alternative remedies were unavailable. Id.

## DISCUSSION

Although this court's jurisdiction to review decisions by the Veterans Court is limited by 38 U.S.C. § 7292, review of decisions under the All Writs Acts, 28 U.S.C.

§ 1651(a) is not so limited. Lamb v. Principi, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). This court reviews the denial of a petition for a writ of mandamus by the Veterans Court for abuse of discretion. Id. at 1384.

The Veterans Court was correct to construe Ms. Winsett's informal petition as a motion for extraordinary relief in the nature of a writ of mandamus. Ms. Winsett has not directed this court to any legal basis for her petition that would make her request for relief distinct from a petition for a writ of mandamus. Moreover, rules nisi are not a creature of federal law. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1195 (3d ed. 2004) ("[R]ules nisi are not provided for in the Federal Rules of Civil Procedure.").

To obtain mandamus, petitioner must demonstrate that she "has a 'clear and indisputable right to the writ'" and that she "has no alternative way to obtain the relief sought.'" Lamb, 284 F.3d at 1382 (quoting Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976)). In addition, the issuance of a writ of mandamus is "in large part a matter of discretion with the court to which the petition is addressed." Kerr, 426 U.S. at 403 (citing Schlagenhauf v. Holder, 379 U.S. 104, 112 n. 8 (1964); Parr v. United States, 351 U.S. 513, 520 (1956)). Although Ms. Winsett devotes a substantial portion of her brief to restating and rearguing factual issues with respect to her claims, this court agrees with the Veterans Court that Ms. Winsett has failed to explain why she cannot address the issues in her petition with the Board. Ms. Winsett filed her petition with the Veterans Court only seventeen days after the RO issued its SSOC, well within the sixty days provided to Ms. Winsett to provide additional information to the RO before her case would be returned to the Board for further adjudication. Moreover, the RO issued

the SSOC less than one year after the remand of the case by the Veterans Court to the Board. Although Ms. Winsett is frustrated with the duration of this process, her frustration does not entitle her to a writ of mandamus. "The extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial . . . ." Lamb, 284 F.3d at 1384 (quoting Bankers Life & Cas. Co. v. Holland, 246 U.S. 379, 383 (1953)). In her brief to this court, Ms. Winsett relies on Stegall v. West, 11 Vet. App. 268 (1998), for a number of propositions, including that the Veterans Court can be petitioned to direct the Secretary to comply with a remand order. Appellant's Br. at 12. While not commenting on Stegall itself, this court notes that Stegall concerned an appeal to the Veterans Court of a decision by the Board, which the Veterans Court then vacated. Stegall, 11 Vet. App. at 269. Rather than raising these issues with the Board like the appellant in Stegall, Ms. Winsett is attempting to circumvent the standard administrative appellate process through her petition to this court.

Because Ms. Winsett has not demonstrated a clear and indisputable right to such relief or that alternative avenues of relief were unavailable, the Veterans Court was well within its discretion in concluding that Ms. Winsett is not entitled to a writ of mandamus, and its decision is affirmed.