Citation Nr: 1829616 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 15-10 767A ) DATE
 )
 )


THE ISSUES

1. Whether there was clear and unmistakable error (CUE) in a January 11, 2010 Board of Veterans' Appeals (Board) decision that denied an effective date prior to February 18, 1999 for the grant of service connection for burn scars of the bilateral hands, bilateral forearms, and left ankle.

2. Whether there was CUE in a January 11, 2010 Board decision that denied an effective date prior to March 3, 1998 for the grant of service connection for residuals of a frenulectomy to include partial loss of the sense of taste and nerve damage to the 12th cranial nerve.

3. Whether there was CUE in a January 11, 2010 Board decision that denied an effective date prior to April 7, 1999 for the grant of service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Moving party represented by: Curtis W. Fetty, Attorney



ATTORNEY FOR THE BOARD

M. Thomas, Associate Counsel


FINDINGS OF FACT

1. On September 11, 2015, a motion for revision of the January 2010 Board decision as to the issues listed on the title page of this decision based on CUE was filed. 

2. In May 2012, the United States Court of Appeals for Veterans Claims (Court) issued a memorandum decision that, in pertinent part, affirmed the Board's January 2010 decision as to the issues addressed in the September 11, 2015 motion for revision. In August 2012, the May 2012 memorandum decision was affirmed by the Court in a panel decision.


CONCLUSION OF LAW

As the Court affirmed the Board's January 2010 decision on the issues of earlier effective dates for the grant of service connection for burn scars of the bilateral hands, bilateral forearms, and left ankle; for the grant of service connection for residuals of a frenulectomy to include partial loss of the sense of taste and nerve damage to the 12th cranial nerve; and for the grant of service connection for PTSD, the Veteran's CUE motion is moot. 38 U.S.C. § 7111 (2012); 38 C.F.R. § 20.1400 (2017).


 (Continued Next Page)



REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran in this case served on active duty from September 1965 to July 1966.
All final Board decisions are subject to revision on the basis of CUE except for those decisions which have been appealed to and decided by the Court, and decisions on issues which have subsequently been decided by the Court. 38 C.F.R. § 20.1400.

The Court has affirmed the January 2010 Board decision as to the issues that have been challenged on the basis of CUE in the moving party's motion. The Board notes that the moving party contends that the provisions of 38 C.F.R. § 20.1400 do not preclude this motion, as he is alleging CUE in the January 2010 Board decision on a basis other than that which was argued to and affirmed by the Court. However, the Board finds that this argument is based on an erroneous understanding of 38 C.F.R. § 20.1400. As clearly stated by the Court in the last sentence of the May 2012 memorandum decision, the Court affirmed the Board's January 2010 decision "with the exception that the appellant's claim for an effective date earlier than August 14, 2002 [for the award of a TDIU]." 

Thus, with the exception of the claim for an earlier effective date for the award of a TDIU, the entirety of the Board's January 2010 decision was clearly affirmed by the Court, and is not subject to revision by the Board. In essence, the Court's opinion replaces the Board decision regarding the earlier effective date issues in question here, and thus, there is no Board decision available for revision. See 38 C.F.R. § 20.1400; see Winsett v. Principi, 341 F.3d 1329, 1331 (Fed. Cir. 2003) (holding that the Board, as a lower tribunal, may not review the decision of a higher tribunal under guise of correcting CUE).

Given the Court's 2012 affirmances, there is no longer a controversy regarding the issues listed on the title page of this decision. Accordingly, the Board does not have 



jurisdiction to adjudicate the merits of the CUE motion and it is dismissed.

ORDER

The Veteran's September 11, 2015 CUE motion is dismissed.




 
S. B. MAYS
 Veterans Law Judge, Board of Veterans' Appeals