﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200324-78154
DATE: February 26, 2021

ORDER

The appeal as to the issue of entitlement to an effective date prior to June 29, 2016 for the award of service connection of posttraumatic stress disorder (PTSD) is dismissed.

An effective date of November 6, 2019, but no earlier, for the grant of a 70 percent rating for PTSD is granted.

FINDINGS OF FACT

1. In October 2019, the Veteran filed a supplemental claim for entitlement to an effective date prior to June 29, 2016 for the initial grant of service connection for PTSD, despite the fact that he already had a pending appeal from an October 2018 rating decision to the Board on the same issue.

2. A November 2019 Board decision denied an effective date prior to June 29, 2016 for the initial grant of service connection for PTSD, to include whether there was a clear and unmistakable error (CUE) in the October 2005 rating decision.

3. The Veteran did not file a motion for a notice of appeal to the United States Court of Appeals for Veterans Claims (Court), file a motion with the Board requesting reconsideration of the November 2019 decision or that the decision be vacated, or file a motion alleging CUE in the Board’s November 2019 decision.

4. In a December 2019 rating decision, the RO erroneously adjudicated the October 2019 claim for an effective date prior to June 29, 2016 for the award of service connection for PTSD, and the Veteran requested Higher Level Review of that decision in December 2019. In a March 2020 rating decision, the RO again erroneously adjudicated the claim for an effective date prior to June 29, 2016 for the award of service connection for PTSD.

5. A claim for an increased rating for PTSD was received in January 2020; an increase in the Veteran’s PTSD disability was factually ascertainable within the one-year period prior to his January 2020 increased rating claim.

CONCLUSIONS OF LAW

1. The November 2019 Board decision that denied entitlement to an effective date prior to June 29, 2016 for the award of service connection for PTSD is final. 38 U.S.C. § 7104; 38 C.F.R. § 20.1100.

2. The Veteran’s October 2019 Supplemental Claim is an impermissible freestanding claim for an earlier effective date for the award of service connection for PTSD and is dismissed. Rudd v. Nicholson, 20 Vet. App. 296 (2006).

3. An effective date of November 6, 2019, but no earlier, for the grant of a 70 percent rating for PTSD are met. 38 U.S.C. § 5110 ; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS. 

The Veteran served on active duty in the United States Navy from November 1986 to May 1996. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from February 2020 (increased rating claim for PTSD) and March 2020 (earlier effective date for the grant of service connection for PTSD) rating decisions by a Department of Veterans Affairs (VA) Regional Office (RO).

In March 2020 the Veteran elected to appeal the rating decisions to the Board by filing a VA Form 10182 and selecting the Hearing docket. Subsequently, in a June 2020 Correspondence, the Veteran, through counsel, withdrew his request for a Board hearing and stated there was no additional evidence to submit. Accordingly, the Board will proceed with adjudication of the Veteran’s appeal with consideration of the evidence of record at the time of the RO’s original decisions and any evidence submitted by the Veteran or his representative within 90 days following the date of receipt of the withdrawal of the request for a hearing. 38 C.F.R. § 20.302 (b).

1. Entitlement to an earlier effective date prior to June 29, 2016 for the initial grant of service connection of PTSD is dismissed.

The Veteran seeks entitlement to an earlier effective date prior to June 29, 2016 for the initial grant of service connection of PTSD. See December 2019 VA Form 20-0996; March 2020 VA Form 10182. 

In October 2019, the Veteran filed a supplemental claim for entitlement to an effective date prior to June 29, 2016 for the grant of service connection for PTSD. However, this issue was already on appeal pending review by the Board. See Veteran’s October 2018 RAMP Selection Form (noting that he was appealing the issue ot he Board and selected the evidence submission lane). 

In a November 2019 decision, the Board denied an earlier effective date prior to June 29, 2016 for the grant of service connection of PTSD, to include whether there was a CUE in the October 2005 rating decision. 

In a December 2019 rating decision, the RO erroneously considered the Veteran’s October 2019 claim for an earlier effective date prior to June 29, 2016 for the award of service connection for PTSD (despite the Board’s previous November 2019 decision denying such a claim). The Veteran requested Higher Level Review of the December 2019 rating decision that same month. In a March 2020 rating decision, the RO again erroneously adjudicated the claim for an effective date prior to June 29, 2016 for the award of service connection for PTSD.

Notably, the Veteran did not file a motion for a notice of appeal to the Court, did not file a motion with the Board requesting reconsideration of the November 2019 decision or that the decision be vacated, or file a motion alleging CUE in the Board’s November 2019 decision. As such, the November 2019 Board decision is final as it pertains to the earlier effective date claim. 38 U.S.C. § 7104; 38 C.F.R. § 3.160(d), 20.1100.

Previous determinations which are final and binding will be accepted as correct in the absence of CUE. Where evidence establishes CUE, the prior decision will be reversed or amended. 38 C.F.R. § 3.105(a). Final Board decisions are not subject to review except as provided by statute, such as an appeal to the Court or review based upon a CUE motion. 38 C.F.R. §§ 20.1100(b), 20.1400. When a freestanding claim for an earlier effective date is raised, the Court has held that an appeal of the claim should be dismissed. Rudd v. Nicholson, 20 Vet. App. 296, 299-300 (2006).

The Board notes that the final November 2019 Board decision is not subject to revision in the absence of clear and unmistakable error in the decision. 38 U.S.C. §§ 5109A, 7104; Rudd, 20 Vet. App. at 296. In this case, a motion for CUE has not been filed with the Board, and accordingly is not before the Board. Furthermore, the Veteran has not provided or submitted any evidence which could be construed as such. He has also not appealed the November 2019 Board decision to the Court. Consequently, the Board concludes that the attempt to overcome the finality of the November 2019 Board decision by raising a freestanding claim for entitlement to an earlier effective date must fail. See Rudd, supra.

Additionally, the Board emphasizes that the RO does not have the authority to review any decision made by the Board. See Winsett v. Principi, 341 F.3d 1329 (Fed Cir. 2003), rehearing and rehearing en banc denied (Sep. 24, 2003), cert. denied, 540 U.S. 1082, 124 S. Ct. 943, 157 L.Ed.2d 758 (2003) (a lower tribunal does not have authority to review a decision by a higher one). See also Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002); Smith v. Brown, 35 F.3d 1516, 1526 (Fed. Cir. 1994) (construction of regulation to permit review by RO of a Board decision to be avoided); Donovan v. Gober, 10 Vet. App. 404, 409 (1997) (“an RO must not be placed in the anomalous position of reviewing the decision of the [Board], a superior tribunal”). 

The proper disposition of a free-standing claim for an earlier effective date claim is dismissal. Rudd, 20 Vet. App. at 300. The Board is authorized to dismiss any appeal that fails to allege an error of fact or law. 38 U.S.C. § 7105. Accordingly, this appeal must be dismissed.

2. Entitlement to an increased rating of 70 percent, but no higher, for PTSD is granted from November 7, 2019.

In a November 5, 2019 decision, the Board denied a rating in excess of 50 percent for PTSD. 

Thereafter, in January 2020, the Veteran filed a claim for an increased evaluation of his PTSD disability. A February 2020 rating decision increased the Veteran’s rating for PTSD to 70 percent, effective January 28, 2020. The Veteran appealed the rating decision to the Board. See March 2020 NOD. 

The Board emphasizes that the Veteran’s March 2020 VA Form 10182 (NOD) specifically requested an earlier effective date prior to January 28, 2020 for the grant of the 70 percent rating for PTSD. In essence, the Veteran argues that his 70 percent PTSD rating should be assigned an earlier effective date; he has not asserted that he should receive a higher rating in excess of 70 percent. 

The Veteran’s PTSD is currently rated 50 percent disabling, prior to January 28, 2020, and 70 percent disabling thereafter. He contends that throughout the entire appeal his PTSD has been more severe than the currently assigned ratings and that he is entitled to higher initial ratings. 

The current appeal period begins on January 28, 2020, the date VA received the Veteran’s Supplemental claim for benefits, plus the one-year “look back” period. Gaston v. Shinseki, 605 F.3d 979, 982 (Fed. Cir. 2010). The Board notes that this exact claim was adjudicated in a November 5, 2019 Board decision, which denied an initial rating for PTSD in excess of 50 percent. That Board decision was not appealed; thus, it became final. 38 U.S.C. § 7104; 38 C.F.R. §§ 3.104, 20.1100. The Board, having previously adjudicated this claim, cannot, in the instant decision, disturb the previous Board decision because it is binding. Id. Therefore, the earliest date the one-year “look back” period can extend to is November 6, 2019, as opposed to the entire “year.”

The Veteran’s PTSD is currently rated under the General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130, DC 9411. Ratings are assigned according to the manifestation of particular symptoms. However, the use of the term "such as" in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). Accordingly, the evidence considered in determining the level of impairment under § 4.130 is not restricted to the symptoms provided in the Diagnostic Code. When determining the appropriate disability evaluation to assign for psychiatric disabilities, the Board's "primary consideration" is the Veteran's symptoms. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013.). 

Under the General Rating Formula for Mental Disorders, a 50 percent rating is warranted for symptoms manifested by occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 

A 70 percent rating is assigned when the psychiatric condition produces occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. 

After a review of the medical and lay evidence, the Board finds that the criteria for a higher rating of 70 percent are met throughout the appeal period effective November 6, 2019. The evidence shows that the Veteran’s PTSD produces deficiencies in most areas due to such symptoms as: suicidal ideation, depressed mood, anxiety, anger, suspiciousness, chronic sleep impairment, isolation, nightmares, avoidance, disturbances of motivation and mood, difficulty establishing and maintaining effective work and social relationships, and difficulty in adapting to stressful circumstances. See Bankhead v. Shulkin, 29 Vet. App. 10 (2017) ("the presence of suicidal ideation alone, that is, a veteran's thoughts of his or her own death or thoughts of engaging in suicide-related behavior, may cause occupational and social impairment with deficiencies in most areas."). See November 2019 VA treatment record; December 2019 VA treatment record; January 2020 VA Form 21-4138; February 2020 VA examination.

A November 7, 2019 VA treatment record noted the Veteran’s telephone request discussing his multiple stressors and wanting to speak with a mental health professional about medication options to keep him from “raging”. A December 2019 VA treatment note discussed his feelings of hopelessness regarding his future. See December 2019 VA treatment note. The Veteran also admitted to having a passing death wish and fleeting suicidal ideations at times, and also having a high level of anxiety, for which he requested an increase in his medications. Id. He also inquired about obtaining an emotional support animal. Id.

In a December 2019 Congressional statement, the Veteran stated that he felt “broken inside and out”; “hopeless”; always “stressed out”; and that it was hard to get out of the bed for work. 

For these reasons, the Board finds that it was factually ascertainable that the Veteran’s PTSD disability more nearly approximated the 70 percent rating criteria as of November 6, 2019 (the day following the last final Board decision, which is within the one-year period prior to his January 2020 claim for increase). 

 

 

Romina A. Casadei

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. J. Rogers, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.