NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GUADALUPE LOPEZ, JR.,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1090

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-1933, Chief Judge Michael P. Allen.

---

Decided: April 10, 2026

---

GUADALUPE LOPEZ, JR., San Antonio, TX, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE; TYRONE COLLIER, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Guadalupe Lopez, Jr. appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a dismissal by the Board of Veterans' Appeals ("Board") of his motion to revise an earlier Board order due to clear and unmistakable error ("CUE").  Because the Veterans Court did not err in determining Mr. Lopez was legally barred from bringing a CUE claim as to the order he sought to revise, we affirm.

I

Mr. Lopez served in the United States Marine Corps from February 1967 through March 1970.  Following his honorable discharge, Mr. Lopez sought service connection for coronary artery disease ("CAD") and headaches.[1]  In a July 2020 order, the Board issued three rulings pertinent to this appeal: (i) it granted service connection for CAD with an effective date of January 14, 1997; (ii) it denied a disability rating in excess of 30 percent for CAD for the

---

[1]     The government reads Mr. Lopez's informal opening brief as limiting his appeal to issues relating to his CAD claim, not also his headache claim.  We are not certain this is correct.  Among the issues Mr. Lopez is raising is a challenge to the Veterans Court's determination that portions of the Board's July 2020 order are not final; that challenge would seem to relate only to the portion of the Board's order that remanded Mr. Lopez's headache claim.  Given that Mr. Lopez is representing himself, and hence we review his papers liberally, *see Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), we conclude his brief preserved the headache issue he undisputedly raised in the Veterans Court, and which the Veterans Court addressed.

period beginning January 29, 2015; and (iii) it remanded Mr. Lopez's headache claim to the regional office ("RO") for further fact finding. Mr. Lopez appealed the Board's order to the Veterans Court, which affirmed the Board in November 2021. He appealed that decision to this court, and we dismissed for lack of jurisdiction.

Mr. Lopez then filed a motion with the Board requesting that the Board revise its July 2020 decision based on CUE. In February 2023, the Board dismissed his motion, concluding that, as to his CAD claim, the Veterans Court's November 2021 decision affirming the Board's July 2020 order precluded the Board from considering a CUE motion to revise, and as to his headache claim its July 2020 order remanding for further evidentiary development did not constitute a "final order" capable of revision under 38 C.F.R. § 20.1400(b). Mr. Lopez appealed the Board's dismissal order to the Veterans Court, which affirmed. He now appeals to us.

## II

Our jurisdiction to review appeals from the Veterans Court is limited by 38 U.S.C. § 7292. "[E]xcept with respect to constitutional issues, we do not have jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Bean v. McDonough*, 66 F.4th 979, 987 (Fed. Cir. 2023) (quoting 38 U.S.C. § 7292(d)(2)). Mr. Lopez's appeal presents issues of law (which we describe and address below) over which we have jurisdiction. We review the Veterans Court's interpretation of its own regulation for whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7292(d)(1)(A).

## III

Mr. Lopez's appeal presents two questions of law. First, as to the Board's dismissal of his motion to revise the effective date and rating for his CAD claim, Mr. Lopez

contends that the Veterans Court adopted an overly broad reading of 38 C.F.R. § 20.1400(b), effectively treating any prior Veterans Court affirmance as categorically foreclosing later CUE review, a result he argues is inconsistent with 38 C.F.R. § 3.156 and 38 U.S.C. § 5108, governing, respectively, the reopening of closed claims and the initiation of supplemental claims based on new evidence.[2]  Second, he argues that the Veterans Court again misinterpreted 38 C.F.R. § 20.1400(b) when it concluded that the Board's July 2020 decision was not "final" as to his headache claim and, thus, not subject to revision.  We address these issues in turn.

## A

Mr. Lopez argues that the Veterans Court violated 38 C.F.R. § 3.156 and 38 U.S.C. § 5108 when it affirmed the dismissal of his motion for revision of the effective date and disability rating for his CAD claim.[3]  The regulation on

---

[2]    Mr. Lopez's opening brief in the Veterans Court expressly cited 38 C.F.R. §§ 20.1105 and 3.156(a), as well as 38 U.S.C. § 5108, as exceptions to the general rule of finality, and invoked them in challenging the Board's dismissal of his CUE claim.  Liberally construed, we will treat that brief as preserving the issue Mr. Lopez more directly presents to us.  *See generally Linville v. West*, 165 F.3d 1382, 1384-85 (Fed. Cir. 1999) ("[A] question otherwise permissible for review under 38 U.S.C. § 7292 does not fail the jurisdictional test simply because it was ignored or silently rejected by the [Veterans] Court.").

[3]    In making this argument, Mr. Lopez also cites 38 C.F.R. § 3.304(b) (presumption of soundness) and the Honoring Our PACT Act of 2022, Pub. L. No. 117-168, 136 Stat. 1759 (2022) (relating to service connection requirements for burn pit disabilities).  To the extent those authorities have any relevance, it would solely be to invite us to apply law to the facts of Mr. Lopez's case, which is outside of our jurisdiction.

which he relies, 38 C.F.R. § 3.156(a), provides that "[a] claimant may reopen a finally adjudicated legacy claim by submitting new and material evidence . . . not previously part of the actual record before agency adjudicators[.]" The statute, 38 U.S.C. § 5108, similarly provides that "[i]f new and relevant evidence is presented or secured with respect to a supplemental claim, the Secretary shall readjudicate the claim[.]"

Unfortunately for Mr. Lopez, neither 38 C.F.R. § 3.156(a) nor 38 U.S.C. § 5108 allows for *revision* of an order rendered prior to the submission of new evidence. Instead, they authorize the *reopening* or *readjucation* of an already-adjudicated claim. *See* 38 C.F.R. § 3.156(a) ("A claimant *may reopen* a finally adjudicated legacy claim by submitting new and material evidence[.]") (emphasis added); *see also* 38 U.S.C. § 5108 ("If new and relevant evidence is presented . . . the Secretary *shall readjudicate* the claim[.]") (emphasis added).

Nothing in either 38 C.F.R. § 3.156(a) or 38 U.S.C. § 5108 alters 38 C.F.R. § 20.1400(b)(1)'s bar on seeking *revision* of a Board order when that order has been affirmed by the Veterans Court. Section 20.1400(b) provides:

> All final Board decisions are subject to revision under this subpart *except*:
>
> > (1) Decisions on issues which have been appealed to and decided by a court of competent jurisdiction; and
> >
> > (2) Decisions on issues which have subsequently been decided by a court of competent jurisdiction.

(emphasis added).

In *Winsett v. Principi*, 341 F.3d 1329, 1331 (Fed. Cir. 2003), we addressed "whether a CUE claim can be brought after the underlying issue has been adjudicated by a court," including the Veterans Court. Construing

§ 20.1400(b), we held that a CUE claim is not available after affirmance of the underlying order. *Id.* at 1332. We explained that "a contrary interpretation of the rule would effectively allow a lower tribunal to review the decision of a higher tribunal – a situation that is not logical." *Id.* at 1331. Thus, even if Mr. Lopez now has new evidence that could support reopening or filing a new supplemental claim with respect to CAD, he cannot overcome § 20.1400(b)'s prohibition on obtaining the relief of *revision* of the Board's already-affirmed July 2020 order.[4]

B

The Veterans Court additionally affirmed the Board's dismissal of Mr. Lopez's motion to revise the July 2020 order remanding his headache claim on the grounds that the remand order is not a "final" order for purposes of appeal. SAppx2 ("[R]emand decisions are not final decisions under the law . . . .").[5] The Veterans Court reasoned that because 38 C.F.R. § 20.1400(b) provides only that "*final* Board decisions are subject to revision" (emphasis added), and the remand order is not final, the Board was correct to dismiss Mr. Lopez's motion to revise the non-final remand order. We agree with the Veterans Court. *See Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) ("[T]he Board's remand does not constitute a final decision that may be appealed.").[6]

---

[4]    Our conclusion has no bearing upon Mr. Lopez's ability to seek readjudication or reopening of his CAD claim under either 38 U.S.C. § 5108 or 38 C.F.R. § 3.156(a).

[5]    "SAppx" refers to the Supplemental Appendix filed with the Government's Informal Response Brief, ECF No. 8.

[6]    There are limited circumstances in which appellate bodies "will depart from the strict rule of finality," but Mr. Lopez does not argue such circumstances are present here,

IV

We have considered Mr. Lopez's remaining arguments and find they lack merit.[7]  Accordingly, for the foregoing reasons, the decision of the Veterans Court is affirmed.

**AFFIRMED**

COSTS

No costs.

---

nor do we perceive that they are.  *See generally Williams v. Principi*, 275 F.3d 1361, 1364 (Fed. Cir. 2002).

[7]    We lack jurisdiction to consider Mr. Lopez's remaining contentions, including his purported constitutional claims.  *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction we otherwise lack."); *see also Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006) ("In order for this court to reach the merits of an issue on appeal, it must be adequately developed. . . . [M]erely stating disagreement with the trial court does not amount to a developed argument.").  To the extent Mr. Lopez additionally raises judicial misconduct allegations, we may not review such complaints of misconduct by Veterans Court judges in the first instance.  *See* 38 U.S.C. § 7253(g)(1) ("The [Veterans] Court shall prescribe rules, consistent with the provisions of chapter 16 of title 28, establishing procedures for the filing of complaints with respect to the conduct of any judge of the [Veterans] Court and for the investigation and resolution of such complaints."); *see also* Rules of the Judicial Council of the United States Court of Appeals for Veterans Claims Governing Complaints of Judicial Misconduct and Disability, Rule 2(a) ("Complaints must be made on the official form for filing complaints.").