NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL ROSARIO GONZALEZ,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2026-1022

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-6837, Judge Scott Laurer.

---

Decided:  June 9, 2026

---

DANIEL ROSARIO GONZALEZ, Sabana Seca, PR, pro se.

ISABELLE AUBRUN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, RICHARD STEPHEN HUBER, KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, MAYER, and PROST, *Circuit Judges*.

PER CURIAM.

Daniel Rosario González appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court"). That court dismissed his appeal from a decision of the Board of Veterans' Appeals ("Board") denying his claim for benefits.  We *affirm*.

## BACKGROUND

Mr. González is the adult son of a deceased veteran whose death was service connected.  Mr. González seeks dependency and indemnity compensation ("DIC") based on his alleged permanent incapacity for self-support.

On November 13, 2020, the Board denied Mr. González's eligibility for DIC.  To be eligible for DIC, a claimant "must be shown to be permanently incapable of self-support by reason of mental or physical defect at the date of attaining the age of 18 years."  38 C.F.R. § 3.356(a).  The Board determined that Mr. González had shown the capacity for self-support while an adult, including that he had been a "primary or significant caregiver" to his father.  S. App'x 89.[1]  The Board concluded Mr. González's caregiving responsibilities outweighed his evidence that he depended on his father's benefits to cover expenses.  The Veterans Court affirmed, and we dismissed Mr. González's appeal.  *Gonzalez v. McDonough*, No. 2023-1347, 2024 WL 503739, at *3 (Fed. Cir. Feb. 9, 2024).

On January 26, 2024, Mr. González filed a motion with the Board alleging clear and unmistakable error ("CUE") in the Board's 2020 decision, asserting that the Board

---

[1]   Citations to "S. App'x" refer to the Supplemental Appendix filed by the Secretary of Veterans Affairs in this appeal.  Dkt. No. 17.

ignored that, rather than being self-supporting, he depended on more than $4,000 in monthly benefits that his father was receiving. The Board dismissed Mr. González's CUE motion because the issue of his DIC eligibility had already been determined by the Veterans Court. The Veterans Court dismissed Mr. González's appeal on the same grounds. Mr. González timely appeals.

## DISCUSSION

The Veterans Court's determination of its own jurisdiction is a legal question within our jurisdiction. *Burris v. Wilkie*, 888 F.3d 1352, 1356 (Fed. Cir. 2018).

Mr. González alleges that the Veterans Court improperly dismissed his appeal because the Veterans Court had not previously "ruled on or included the issues in the challenged Board decision." Appellant's Informal Br. 2; *see* Appellant's Informal Reply Br. 5–6. The Veterans Court concluded that "revision based on CUE is improper when a court of competent jurisdiction above has already decided the challenged issues." S. App'x 4–5. We see no error in the Veterans Court's conclusion that Mr. González's CUE motion is directed to the previously affirmed determination denying his DIC eligibility and that it therefore lacked jurisdiction. 38 C.F.R. § 20.1400(b); *Winsett v. Principi*, 341 F.3d 1329, 1331–32 (Fed. Cir. 2003).

We have considered Mr. González's other arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.